IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY HARRIS, WILLIE BERNARD MACK, DEMETRIUS PARHAM and HENRY TARVER,<br><br>  Plaintiffs,<br><br>vs.<br><br>MID-STATE LAND & TIMBER COMPANY, INC., d/b/a SEDGEFIELDS PLANTATION,<br><br>  Defendant. | PLAINTIFFS DEMAND TRIAL BY A STRUCK JURY<br><br>Civil Action No.:<br><br>2:06 CV 875 - ID |

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this court is invoked pursuant to 42 U.S.C. § 1981 to secure the protection of and redress deprivation of contract (i.e. employment) rights. 42 U.S.C. § 1981 provides for injunctive relief, declaratory and legal relief for racial discrimination in the making and enforcement of contract rights.

### II. PARTIES

2. Plaintiff Jeffrey Harris is a black citizen of the United States and is a resident of Bullock County, Alabama. Harris was employed by the Defendant Mid-State Land & Timber Company, Inc., a corporation, d/b/a Sedgefields Plantation at its Hunting Lodge located in Union Springs, Bullock County, Alabama at all times relevant hereto. Plaintiff was employed by said Defendant beginning in September 2005 as general laborer paid $7.00 per hour until Sedgefields was sold to Tolleson's on or about May 19, 2006.

3.  Plaintiff, Willie Mack, is a black citizen of the United States and is a resident of Bullock County, Alabama. Mack was employed by the Defendant Mid-State Land & Timber Company, Inc., a corporation, d/b/a Sedgefields Plantation at its Hunting Lodge located in Union Springs, Alabama at all times relevant hereto. Plaintiff was employed by said Defendant as a general laborer paid $6.50 per hour beginning in March 2004 until Sedgefields was sold to Tolleson's on or about May 19, 2006.

4.  Plaintiff, Demetrius Parham, is a black citizen of the United States and is a resident of Bullock County, Alabama. Parham was employed by the Defendant Mid-State Land & Timber Company, Inc., a corporation, d/b/a Sedgefields Plantation at its Hunting Lodge located in Union Springs, Alabama at all times relevant hereto. Plaintiff was employed by said Defendant as a general laborer paid $6.50 per hour beginning in July 2004 until Sedgefields was sold to Tolleson's on or about May 19, 2006.

5.  Plaintiff, Henry Tarver, is a black citizen of the United States and is a resident of Bullock County, Alabama. Tarver was employed by the Defendant Mid-State Land & Timber Company, Inc., a corporation, d/b/a Sedgefields Plantation at its Hunting Lodge located in Union Springs, Alabama at all times relevant hereto. Plaintiff was employed by said Defendant as a general laborer paid $7.00 per hour beginning in June 2005 until Sedgefields was sold to Tolleson's on or about May 19, 2006.

6.  Defendant, Mid-State Land & Timber Company, Inc., d/b/a Sedgefields Plantation, is subject to suit as the Plaintiffs' employer and the maker of their employment contracts. The Defendant operates a hunting lodge where sportsmen pay for the privileges of engaging in quail hunting or deer hunting.

## III. CAUSE OF ACTION

## RACE DISCRIMINATION

7. The Plaintiffs reallege and incorporate by reference paragraphs 1 through 6 above with the same force and effect as if fully set out herein below.

8. The Defendant engaged in unlawful discriminatory employment practices on the basis of race as concerns the terms, conditions and privileges of the Plaintiffs' employment, including their wages.

9. Plaintiffs were employed as general laborers and hunting crew members at Defendant's hunting lodge near Union Springs in Bullock County, Alabama. Each of the Plaintiffs was paid an hourly rate of $6.50 to $7.00 per hour. Plaintiffs often worked more than 40 hours per week. Plaintiffs performed their job duties in a satisfactory manner for said Defendant.

10. Beginning in July, 2005, the Defendant hired a white male, William Backwith, to work as a general laborer and to live on the property as a night watchman. Said employee was paid $8.00 per hour.

11. Beginning in approximately September 2005, the Defendant hired Joel Norman, a white male, as quail operations manager. Norman receives a salary of $70,000.00 annually, a truck, and housing on the property. Roy Lee, a black male, previously performed the job along with additional duties, and was paid only $10.00 per hour. Lee received a truck but no housing. Lee presently receives an annual salary of $41,000.00 annually as deer operations manager.

12. Norman talked openly about how he wished to replace the black employees of the Defendant with a white hunting crew, and made numerous derogatory comments criticizing the performance of the predominantly black staff.

13. Beginning in November 2005, the Defendant hired two young white males, Will Hubbard and Joseph May, to work with Norman in his crew at the rate of $8.00 per hour. Prior to these hirings, Norman's crew had consisted of three black males, Norris Foster, Jeffrey Harris and Willie Mack, none of whom was paid the rate of $8.00 per hour. After the white males were hired, Foster and Harris trained them on how to operate the tractors and the white males assumed the duties of preparing the fields for hunting. Harris and Foster were assigned to shovel manure out of the horse barn.

14. The white crew members were hired at substantially higher wage rates than their black counterparts, even though they have less knowledge, less training, and less experience in the hunting industry. The whites were assigned preferable job duties.

15. Joel Norman kept many of the tips he received which were supposed to be shared with black hunting crew members.

16. The effect of the Defendant's race discrimination in the operation of a two-tiered compensation system for whites and blacks has been to deprive the Plaintiffs of the same right to make and enforce contracts as enjoyed by similarly situated white persons in violation of 42 U.S.C. § 1981, as amended.

17. The Plaintiffs do not claim any damages after the effective date of the sale or transfer to Tolleson's.

18. Plaintiffs seek to address the discrimination alleged herein, in this suit for back-pay, injunctive relief, compensatory and punitive damages, and a declaratory

judgment is their only means of securing adequate relief. The Plaintiffs are now suffering and will continue to suffer irreparable injury from the Defendant's unlawful practices as set forth herein.

19. As a consequence of the Defendant's unlawful discriminatory conduct against the Plaintiffs on the basis of their race, Plaintiffs have suffered embarrassment, have been demeaned, and have suffered mental anguish.

20. Defendant engaged in the discriminatory practices complained of herein with malice and/or reckless indifference to the Plaintiffs' federally protected rights thereby entitling the Plaintiffs to an award of punitive damages.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this court assume jurisdiction of this action and after trial:

A) Issue declaratory judgment that the employment policies and practice, conditions and customs of the Defendant are violative of the rights of the Plaintiffs as secure by the Civil Rights Act of 1991, 42 U.S.C. § 1981, as amended.

B) Grant the Plaintiffs a permanent injunction enjoining the Defendant, its agents, successors, employees and those acting in concert with the Defendant from continuing to violate the Civil Rights Act of 1991, 42 U.S.C § as amended.

C) Enter and Order requiring the Defendant to make the Plaintiffs whole by awarding them wages, back-pay plus interest, declaratory and injunctive relief, nominal damages, compensatory and punitive damages, and lost

seniority and benefits.

D) Plaintiffs further pray for such other relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorney's fees and expenses.

_____
Jerry D. Roberson

OF COUNSEL:

ROBERSON & ROBERSON
8 Office Park Circle
Suite 150
Birmingham, Alabama 35223
Telephone: (205) 871-1115
Facsimile: (205) 871-5115


Albert H. Adams, Jr., Esq. (ADA-058)
IRBY LAW FIRM, LLC
P.O. Box 910
Eufaula, Al. 36072


**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:**

Mid-State Land & Timber Co., Inc.
c/o Drayton Pruitt, Jr.
105 Washington Street
Livingston, Alabama 35470