IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY HARRIS, WILLIE BERNARD MACK, DEMETRIUS PARHAM and HENRY TARVER,<br><br>    Plaintiffs,<br><br>vs.<br><br>MID-STATE LAND & TIMBER COMPANY, INC., D/B/A SEDGEFIELDS PLANTATION,<br><br>    Defendant. | CIVIL ACTION NO.:<br>2:06-CV-00875-ID-CSC |

**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Mid State Land & Timber Company, Inc. formerly d/b/a Sedgefields Plantation ("Defendant") and, for its response to the Complaint of Plaintiffs Jeffrey Harris, Willie Mack, Demetrius Parham, and Henry Tarver (collectively "Plaintiffs"), states as follows**:**

**ANSWER**

Defendant answers the allegations in the Complaint by denying the allegations not expressly admitted. As to each specific allegation of Plaintiffs' Complaint, Defendant responds as follows:

1. The allegations contained in Paragraph 1 of the Complaint are legal conclusions that do not call for response by Defendant. To the extent a response is required, Defendant denies any liability to Plaintiffs under 42 U.S.C. § 1981 and denies that Plaintiffs are entitled to the relief they request.

2. Defendant admits that Plaintiff Jeffrey Harris ("Mr. Harris"), who is black, was employed by Defendant in Bullock County, Alabama and that his employment with Defendant was

terminated on or about May 19, 2006. Further, Defendant is without knowledge or information sufficient to form a belief as to whether Mr. Harris is a resident of Bullock County, Alabama. Except as thus stated, the allegations contained in Paragraph 2 of the Complaint are denied.

3. Defendant admits that Plaintiff Willie Mack ("Mr. Mack"), who is black, was employed by Defendant in Bullock County, Alabama and that his employment with Defendant was terminated on or about May 19, 2006. Further, Defendant is without knowledge or information sufficient to form a belief as to whether Mr. Mack is a resident of Bullock County, Alabama. Except as thus stated, the allegations contained in Paragraph 3 of the Complaint are denied.

4. Defendant admits that Plaintiff Demetrius Parham ("Mr. Parham"), who is black, was employed by Defendant in Bullock County, Alabama and that his employment with Defendant was terminated on or about May 19, 2006. Further, Defendant is without knowledge or information sufficient to form a belief as to whether Mr. Parham is a resident of Bullock County, Alabama. Except as thus stated, the allegations contained in Paragraph 4 of the Complaint are denied.

5. Defendant admits that Plaintiff Henry Tarver ("Mr. Tarver"), who is black, was employed by Defendant in Bullock County, Alabama and that his employment with Defendant was terminated on or about May 19, 2006. Further, Defendant is without knowledge or information sufficient to form a belief as to whether Mr. Tarver is a resident of Bullock County, Alabama. Except as thus stated, the allegations contained in Paragraph 5 of the Complaint are denied.

6. Defendant admits that it was Plaintiffs' employer and that it operated and maintained facilities for wild game hunting. Except as thus stated, the allegations contained in Paragraph 6 of the Complaint are denied.

7. In answering Paragraph 7 of the Complaint, Defendant repeats and realleges each and every answer, denial, and denial of information or knowledge as hereinbefore set forth

with the same force and effect as if repeated at length herein.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that Plaintiffs were hired as general laborers and to assist with hunts, as needed, on Defendant's property. Except as thus stated, the allegations contained in Paragraph 9 of the Complaint are denied.

10. Defendant admits that in July 2005 Defendant hired William Beckwith at $8.00 per hour to work as a general laborer and night watchman. Except as thus stated, the allegations contained in Paragraph 10 of the Complaint are denied.

11. Defendant admits that in September 2005 Defendant hired Joel Norman, a white male, to serve as the Quail Operations Manager and that Norman received an annual salary of $70,000, a truck, and housing on the property. Further, Defendant admits that Roy Lee, a black male, received as part of his compensation the use of a company truck and that he performed previously some of the same job duties that were performed by Joel Norman. Except as thus stated, the allegations in Paragraph 11 of the Complaint are denied.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that on November 21, 2005, Defendant hired Will Hubbard and Joseph May, both white males, at a rate of $8.00 per hour. Except as thus stated, defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. The allegations contained in Paragraph 17 of the Complaint are a stipulation that does not call for a response from Defendant. To the extent that a response is required, Defendant

admits that Plaintiffs have limited damages in this case to the time period that Defendant operated Sedgefields Plantation.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

Defendant denies that the Plaintiffs are entitled to the relief requested and demands strict proof of the damages alleged herein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof for such defenses that would otherwise rest with Plaintiff:

### FIRST AFFIRMATIVE DEFENSE

Sedgefields Plantation was sold and the employment of all employees of Mid State Land and Timber Company, Inc. was terminated effective May 19, 2006

### SECOND AFFIRMATIVE DEFENSE

Except to the extent expressly admitted herein, the allegations of the Complaint are denied.

### THIRD AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and properly correct any discriminatory behavior, and Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

### FOURTH AFFIRMATIVE DEFENSE

All actions with regard to Plaintiffs were based upon legitimate, non-discriminatory, non-

retaliatory considerations.

## FIFTH AFFIRMATIVE DEFENSE

Any alleged adverse employment action taken by Defendant that might constitute a violation of § 1981 was done so without any knowledge, understanding, or appreciation of any risk that Defendant's employment actions were in violation of federal law.

## SIXTH AFFIRMATIVE DEFENSE

In all employment decisions concerning Plaintiffs, Defendant engaged in good faith efforts to comply with applicable federal law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages under the allegations of the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

There is no basis for holding Defendant liable for any alleged intentional acts of third parties.

## NINTH AFFIRMATIVE DEFENSE

Defendant pleads the doctrines of res judicata, estoppel, waiver, and laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they failed to mitigate their damages, their entitlement to which is expressly denied.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages are limited by, or Defendant's liability is precluded by, after acquired evidence of Plaintiffs' wrongdoing sufficient to justify any adverse employment action with respect to Plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to Plaintiffs in this case would violate constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the failure to comply with conditions precedent in bringing and maintaining this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, or some of them, are barred by the statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are, or may be, barred because Plaintiffs did not sustain any damages as a proximate result of any wrongdoing by Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot prove any discriminatory or unlawful conduct by Defendant; alternatively, even if Plaintiffs could prove discriminatory conduct or unlawful conduct by Defendant, which Plaintiffs cannot, Defendant would have made the same decisions and taken the same actions without regard to any alleged discriminatory or unlawful motive.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for equitable relief are barred by their "unclean hands."

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant is not liable for punitive damages because the employee or employees who

committed the allegedly discriminatory or retaliatory acts were not employed in a managerial capacity.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs are barred from the recovery of special damages because they have failed to plead such damages in a manner required by Fed. R. Civ. P. 9(g).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is not liable for the acts of its employees or agents that are outside the line and scope of their employment or agency with Defendant.

Respectfully submitted,

/s/ Carter H. Dukes_____
Carter H. Dukes
Kimberly W. Geisler
Attorneys for Defendant
Mid State Land & Timber Co., Inc.,
d/b/a Sedgefields Plantation

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of same in the United States mail, first class postage prepaid and addressed as follows:

Jerry D. Roberson, Esq.
Roberson & Roberson
8 Office Park Circle
Suite 150
Birmingham, Alabama 35223

Albert H. Adams, Esq.
Irby law Firm, LLC
Post Office Box 910
Eufaula, Alabama 36072

Done this the 18th day of October, 2006.

/s/ Carter H. Dukes
Of Counsel

38948.1