IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JEFFREY HARRIS, WILLIE BERNARD MACK, DEMETRIUS PARHAM and HENRY TARVER,** )<br>)<br>)<br>)<br>**Plaintiffs** )<br>)<br>**v.** )<br>)<br>**MID-STATE LAND & TIMBER COMPANY, INC., d/b/a SEDGEFIELDS PLANTATION,** )<br>)<br>**Defendant.** | **Civil Action No.:**<br><br>**2:06-cv-875-ID-CSC** |

## MOTION FOR LEAVE TO AMEND COMPLAINT

COME NOW the Plaintiffs, Jeffrey Harris, Willie Bernard Mac, Demetrius Parham and Henry Tarver and move this Court for an Order allowing them to amend their Complaint to add an additional party Plaintiff, Roy Lee. As grounds for said motion, Plaintiffs would show unto this Court as follows:

1. This amendment is timely under this Court's Scheduling Order.

2. The Plaintiffs' seek to add an additional party Plaintiff, Roy Lee, a management employee and foreman at the Defendant Mid State Land & Timber Company, Inc.

3. The Plaintiffs' Amended Complaint attached hereto as Exhibit A, includes Roy Lee's claims for relief from race discrimination under 42 U.S.C. §1981.

4. Allowing this amendment would conserve judicial resources and be more economical and efficient for all parties.

          Respectfully submitted,

          s/Jerry Roberson
          _____
          Jerry Roberson (ROB010)
          Attorney for Plaintiffs
          **ROBERSON & ROBERSON**
          8 Office Park Circle, Suite 150
          Birmingham, Al 35223
          Telephone:   (205) 871-1115
          Facsimile:   (205) 871-5115

**OF COUNSEL*:*

Albert H. Adams, Jr., Esq.  (ADA-058)
IRBY LAW FIRM, LLC
P.O. Box 910
Eufaula, Al. 36072

## CERTIFICATE OF SERVICE

     I hereby certify that on the 1st day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carter H. Dukes, Esq.
Kimberly W. Geisler, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203

          s/Jerry Roberson
          _____
          OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY HARRIS, WILLIE BERNARD MACK, DEMETRIUS PARHAM and HENRY TARVER<br><br>        Plaintiffs,<br>vs.<br><br>MID STATE LAND & TIMBER COMPANY, INC., D/B/A SEDGEFIELDS PLANTATION<br><br>        Defendant. | PLAINTIFF DEMANDS TRIAL BY A STRUCK JURY<br><br>Civil Action No.:<br><br>2:06-cv-875-ID-CSC |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

### I. JURISDICTION

18.    The jurisdiction of this court is invoked pursuant to 42 U.S.C. § 1981 to secure the protection of and redress deprivation of contract (i.e. employment) rights. 42 U.S.C. § 1981 provides for injunctive, declaratory and legal relief for racial discrimination in the making and enforcement of contract rights.

### II. PARTIES

19.    Plaintiff Roy Lee is a black citizen of the United States and is a resident of Bullock County, Alabama. Lee was employed by the Defendant Mid State Land & Timber Company, Inc., a corporation, d/b/a Sedgefields Plantation at its Hunting Lodge located in Union Springs, Bullock County, Alabama at all times relevant hereto. Plaintiff was employed by said Defendant beginning in the year 2000 as general laborer. Plaintiff was later promoted to foreman over the entire hunting operations. Plaintiff Roy Lee was initially

paid $10.00 per hour to work as a foreman over both the deer hunting and quail hunting operations. Beginning in September 2005, the Defendant hired Joel Norman, a white male, to be in charge of the quail hunting operations. The Defendant paid Joel Norman a salary of $70,000.00 per year, provided him with lodging on the premises and provided him with a vehicle and gas for his personal use.

20. The Plaintiff, Roy Lee, a black citizen of the United States, was paid an annual salary of $41,000.00. Lee received no lodging on the property. Lee received a vehicle for his use and gasoline for work related activities.

21. The Defendant Mid State Land & Timber Company, Inc., a corporation, d/b/a Sedgefields Plantation, is subject to suit as the Plaintiffs employer and the maker of his employment contract. The Defendant operates a Hunting Lodge where sportsmen pay for the privilege of engaging in quail hunting or deer hunting.

### III. CAUSE OF ACTION

### RACE DISCRIMINATION

22. The Plaintiffs reallege and incorporate by reference paragraphs 1 through 21 above with the same force and effect as if fully set out herein below.

23. The Defendant engaged in unlawful discriminatory employment practices on the basis of race as concerns the terms, conditions and privileges of the Plaintiff's employment, including his wages.

24. Plaintiff Roy Lee was employed first as general laborer and later as a management employee (foreman) at Defendant's hunting lodge located near Union Springs in Bullock County, Alabama. Plaintiff often worked more than 40 hours per week.

Plaintiff performed his job duties in an exemplary manner for said Defendant.

25. After Joel Norman was hired, Norman talked openly about how he wished to replace the black employees of the Defendant with a white hunting crew, and made numerous derogatory comments criticizing the performance of the predominantly black staff.

26. Every person hired after Joel Norman was hired at a higher rate of pay than the blacks previously employed there. Each of the white males who were hired were less qualified, less experienced and younger than the black employees. Job duties were assigned primarily based on race, with less desirable jobs given to the blacks.

27. The Defendant has a two-tiered compensation pay scheme which is discriminatory based on race. Blacks are paid less than their white counter parts, even though they may have more knowledge, more training, and more experience in the hunting industry.

28. The effect of the Defendant's race discrimination in the operation of a two-tiered compensation system for whites and blacks has been to deprive the Plaintiff of the same right to make and enforce contracts as enjoyed by similarly situated white persons in violation of 42 U.S.C. § 1981, as amended.

29. Plaintiff does not claim any damages at the effective date of the sale or transfer to Tolleson's, said sale occurring on or about May 19, 2006.

30. Plaintiff seeks to address the discrimination alleged herein, in this suit for back-pay, injunctive relief, compensatory and punitive damages, and a declaratory judgment is their only means of securing adequate relief. The Plaintiff is now suffering and

will continue to suffer irreparable injury from the Defendant's unlawful practices as set forth herein.

31. As a consequence of the Defendant's unlawful discriminatory conduct against the Plaintiff on the basis of his race, Plaintiff has suffered embarrassment, has been demeaned, and has suffered mental anguish.

32. Defendant engaged in the discriminatory practices complained of herein with malice and/or reckless indifference to the Plaintiff's federally protected rights thereby entitling the Plaintiff to an award of punitive damages.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court assume jurisdiction of this action and after trial:

A) Issue declaratory judgment that the employment policies and practices, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by the Civil Rights Act of 1991, 42 U.S.C. § 1981 as amended.

B) Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees and those acting in concert with the Defendant from continuing to violate the Civil Rights Act of 1991, 42 U.S.C. § 1981 as amended.

C) Enter an Order requiring the Defendant to make the Plaintiff whole by awarding them wages, back-pay plus interest, declaratory and injunctive relief, nominal damages, compensatory and punitive damages, and lost

      seniority and benefits.

D)     Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorney's fees and expenses.

      Respectfully submitted,

      s/Jerry Roberson
      _____
      Jerry Roberson (ROB010)
      Attorney for Plaintiffs
      **ROBERSON & ROBERSON**
      8 Office Park Circle, Suite 150
      Birmingham, Al 35223
      Telephone:  (205) 871-1115
      Facsimile:  (205) 871-5115

**OF COUNSEL**:

Albert H. Adams, Jr., Esq.  (ADA-058)
IRBY LAW FIRM, LLC
P.O. Box 910
Eufaula, Al. 36072

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carter H. Dukes, Esq.
Kimberly W. Geisler, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203

                                                s/Jerry Roberson
                                                _____
                                                OF COUNSEL