**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

November 2, 2006

# NOTICE OF CORRECTION

**From:    Clerk's Office**


**Case Style:  Harris et al v. Mid-State Land & Timber Company, Inc.**
**Case Number:    2:06-cv-00875-ID**


**This Notice of Correction was filed in the referenced case this date to correct the PDF documents previously attached to include the electronic signatures.**

**The correct PDF documents are attached to this notice for your review.   Reference is made to document # 10 & attachment  filed on   November 1, 2006.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY HARRIS, WILLIE** | ) | |
| **BERNARD MACK, DEMETRIUS** | ) | |
| **PARHAM and HENRY TARVER,** | ) | |
| | ) | **Civil Action No.:** |
| **Plaintiffs** | ) | |
| | ) | **2:06-cv-875-ID-CSC** |
| **v.** | ) | |
| | ) | |
| **MID-STATE LAND & TIMBER** | ) | |
| **COMPANY, INC., d/b/a** | ) | |
| **SEDGEFIELDS PLANTATION,** | | |
| | | |
| **Defendant.** | | |

## MOTION FOR LEAVE TO AMEND COMPLAINT

COME NOW the Plaintiffs, Jeffrey Harris, Willie Bernard Mac, Demetrius Parham and Henry Tarver and move this Court for an Order allowing them to amend their Complaint to add an additional party Plaintiff, Roy Lee.  As grounds for said motion, Plaintiffs would show unto this Court as follows:

1.      This amendment is timely under this Court's Scheduling Order.

2.      The Plaintiffs' seek to add an additional party Plaintiff, Roy Lee, a management employee and foreman at the Defendant Mid State Land & Timber Company, Inc.

3.      The Plaintiffs' Amended Complaint attached hereto as Exhibit A, includes Roy Lee's claims for relief from race discrimination under 42 U.S.C. §1981.

4.      Allowing this amendment would conserve judicial resources and be more economical and efficient for all parties.

Respectfully submitted,

s/Jerry Roberson

_____

Jerry Roberson (ROB010)
Attorney for Plaintiffs
**ROBERSON & ROBERSON**
8 Office Park Circle, Suite 150
Birmingham, Al 35223
Telephone:    (205) 871-1115
Facsimile:     (205) 871-5115

**OF COUNSEL***:*

Albert H. Adams, Jr., Esq.  (ADA-058)
IRBY LAW FIRM, LLC
P.O. Box 910
Eufaula, Al. 36072

## CERTIFICATE OF SERVICE

I hereby certify that on the 1ˢᵗ day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carter H. Dukes, Esq.
Kimberly W. Geisler, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203

s/Jerry Roberson

_____

OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| JEFFREY HARRIS, WILLIE BERNARD MACK, DEMETRIUS PARHAM and HENRY TARVER | )<br>)<br>)<br>) |
| | ) **PLAINTIFF DEMANDS TRIAL** |
| | ) **BY A STRUCK JURY** |
| **Plaintiffs,** | )<br>) |
| vs. | ) **Civil Action No.:** |
| | ) |
| MID STATE LAND & TIMBER COMPANY, INC., D/B/A SEDGEFIELDS PLANTATION | ) **2:06-cv-875-ID-CSC**<br>)<br>)<br>) |
| | ) |
| **Defendant.** | ) |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**I. JURISDICTION**

18.    The jurisdiction of this court is invoked pursuant to 42 U.S.C. § 1981  to

secure the protection of and redress deprivation of contract (i.e. employment) rights.  42

U.S.C. § 1981 provides for injunctive, declaratory and legal relief for racial discrimination

in the making and enforcement of contract rights.

**II. PARTIES**

19.    Plaintiff Roy Lee is a black citizen of the United States and is a resident of

Bullock County, Alabama.  Lee was employed by the Defendant Mid State Land & Timber

Company, Inc., a corporation, d/b/a Sedgefields Plantation at its Hunting Lodge located in

Union Springs, Bullock County, Alabama at all times relevant hereto.   Plaintiff was

employed by said Defendant beginning in the year 2000 as general laborer.  Plaintiff was

later promoted to foreman over the entire hunting operations. Plaintiff Roy Lee was initially

paid $10.00 per hour to work as a foreman over both the deer hunting and quail hunting operations.  Beginning in September 2005, the Defendant hired Joel Norman, a white male, to be in charge of the quail hunting operations.  The Defendant paid Joel Norman a salary of $70,000.00 per year, provided him with lodging on the premises and provided him with a vehicle and gas for his personal use.

20.    The Plaintiff, Roy Lee, a black citizen of the United States, was paid an annual salary of $41,000.00.  Lee received no lodging on the property.  Lee received a vehicle for his use and gasoline for work related activities.

21.    The Defendant Mid State Land & Timber Company, Inc., a corporation, d/b/a Sedgefields Plantation, is subject to suit as the Plaintiffs employer and the maker of his employment contract.  The Defendant operates a Hunting Lodge where sportsmen pay for the privilege of engaging in quail hunting or deer hunting.

### III. CAUSE OF ACTION

### RACE DISCRIMINATION

22.    The Plaintiffs reallege and incorporate by reference paragraphs 1 through 21 above with the same force and effect as if fully set out herein below.

23.    The Defendant engaged in unlawful discriminatory employment practices on the basis of race as concerns the terms, conditions and privileges of the Plaintiff's employment, including his wages.

24.    Plaintiff Roy Lee was employed first as general laborer and later as a management employee (foreman) at Defendant's hunting lodge located near Union Springs in Bullock County, Alabama.  Plaintiff often worked more than 40 hours per week.

Plaintiff performed his job duties in an exemplary manner for said Defendant.

25.     After Joel Norman was hired, Norman talked openly about how he wished to replace the black employees of the Defendant with a white hunting crew, and made numerous derogatory comments criticizing the performance of the predominantly black staff.

26.     Every person hired after Joel Norman was hired at a higher rate of pay than the blacks previously employed there.  Each of the white males who were hired were less qualified, less experienced and younger than the black employees.  Job duties were assigned primarily based on race, with less desirable jobs given to the blacks.

27.     The Defendant has a two-tiered compensation pay scheme which is discriminatory based on race.  Blacks are paid less than their white counter parts, even though they may have more knowledge, more training, and more experience in the hunting industry.

28.     The effect of the Defendant's race discrimination in the operation of a two-tiered compensation system for whites and blacks has been to deprive the Plaintiff of the same right to make and enforce contracts as enjoyed by similarly situated white persons in violation of 42 U.S.C. § 1981, as amended.

29.     Plaintiff does not claim any damages at the effective date of the sale or transfer to Tolleson's, said sale occurring on or about May 19, 2006.

30.     Plaintiff seeks to address the discrimination alleged herein, in this suit for back-pay, injunctive relief, compensatory and punitive damages, and a declaratory judgment is their only means of securing adequate relief.  The Plaintiff is now suffering and

will continue to suffer irreparable injury from the Defendant's unlawful practices as set forth

herein.

31.     As a consequence of the Defendant's unlawful discriminatory conduct

against the Plaintiff on the basis of his race, Plaintiff has suffered embarrassment, has

been demeaned, and has suffered mental anguish.

32.     Defendant engaged in the discriminatory practices complained of herein

with malice and/or reckless indifference to the Plaintiff's federally protected rights thereby

entitling the Plaintiff to an award of punitive damages.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court assume jurisdiction of this

action and after trial:

A)     Issue declaratory judgment that the employment policies and practices,

conditions and customs of the Defendant are violative of the rights of the

Plaintiff as secured by the Civil Rights Act of 1991, 42 U.S.C. § 1981 as

amended.

B)     Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents,

successors, employees and those acting in concert with the Defendant from

continuing to violate the Civil Rights Act of 1991, 42 U.S.C. § 1981 as

amended.

C)     Enter an Order requiring the Defendant to make the Plaintiff whole by

awarding them wages, back-pay plus interest, declaratory and injunctive

relief, nominal damages, compensatory and punitive damages, and lost

seniority and benefits.

D)      Plaintiff further prays for such other relief and benefits as the cause of justice

may require, including but not limited to an award of costs, attorney's fees

and expenses.

Respectfully submitted,

s/Jerry Roberson

_____

Jerry Roberson (ROB010)
Attorney for Plaintiffs
**ROBERSON & ROBERSON**
8 Office Park Circle, Suite 150
Birmingham, Al 35223
Telephone:    (205) 871-1115
Facsimile:     (205) 871-5115

**OF COUNSEL**:

Albert H. Adams, Jr., Esq.  (ADA-058)
IRBY LAW FIRM, LLC
P.O. Box 910
Eufaula, Al. 36072

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 1st day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Carter H. Dukes, Esq.
Kimberly W. Geisler, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203


                s/Jerry Roberson

                _____
                OF COUNSEL