# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **JEFFREY HARRIS, WILLIE BERNARD MACK, DEMETRIUS PARHAM and HENRY TARVER,** ) ) ) ) | |
| Plaintiffs, ) ) | **CIVIL ACTION NO.:** **2:06-CV-00875-ID-CSC** |
| vs. ) ) | |
| **MID STATE LAND & TIMBER COMPANY, INC., D/B/A SEDGEFIELDS PLANTATION,** ) ) ) ) | |
| Defendant. | |

## DEFENDANT MID STATE LAND & TIMBER COMPANY, INC.'S MOTION TO COMPEL

COMES NOW Defendant Mid State Land & Timber Company, Inc., formerly d/b/a Sedgefields Plantation ("Defendant" or "Mid State"), pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, and moves this Court to compel Plaintiffs Jeffrey Harris, Willie Mack, Demetrius Parham, and Henry Tarver (collectively, "Plaintiffs") to provide a calculation of their individual back pay and benefits damages with an appropriate identification of the documents relied upon in making the calculation. In support of this Motion, Defendant shows unto the court the following:

1. On November 1, 2006, Plaintiffs served Defendant with Plaintiffs' Initial

Disclosures in which Plaintiffs ambiguously claim, inter alia, "back pay and benefits" damages, without providing any specific monetary figure for said damages. A copy of Plaintiffs' Initial Disclosures is attached hereto as Exhibit A.

2. On November 2, 2006, Defendant notified Plaintiffs of the deficiency in their Initial Disclosures and requested that Plaintiffs voluntarily supplement their Disclosures on or before November 10, 2006. A copy of counsel's correspondence, dated November 2, 2006, is attached hereto as Exhibit B.

3. In response to Defendant's request, Plaintiffs refused to supplement their Initial Disclosures, stating that they "cannot now identify the amount of back-pay, as [counsel] [does] not know the amount of tips that were withheld from them." Counsel further stated that he "assume[s] [Mid State's counsel] can do the math on [Plaintiffs'] wage claim." A copy of Plaintiffs' counsel's letter, dated November 2, 2006, is attached hereto as Exhibit C.

4. Information regarding Plaintiffs' calculation of back pay and benefits damages is clearly required under Rule 26. Furthermore, Rule 26 requires a party to provide a computation based on the information reasonably available to him. See FED. R. CIV. P. 26, Advisory Committee Notes to 1993 Amendments. At this time, Plaintiffs know the alleged amount of the supposed disparity in their hourly wages, as personnel files and pay information for Plaintiffs and their alleged comparators have been produced to Plaintiffs' counsel. Additionally, Plaintiffs claim back pay

only for a discrete time period ending on May 19, 2006. Accordingly, based on the information available to them, Plaintiffs can provide a back pay and benefits calculation less any tips they were supposedly denied.

5.   Moreover, the law is clear that the Federal Rules of Civil Procedure do not require a Defendant to "do the math." Rather, it is Plaintiffs' responsibility to "provide a statement of damages, including dollar amounts claimed to the extent ascertainable at this stage of the litigation." *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 683 (N.D. Ga. 2000); *Zapata v. IBP, Inc.*, No. 93-2366, 1995 WL 293931, at *2 (D. Kan. May 10, 1995) ("Subsection 26(a)(1)(C) requires the very early disclosure of detailed information about damages and how they are calculated.").

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court enter an Order compelling Plaintiffs to supplement their Initial Disclosures to provide a calculation of their individual back pay and benefits damages with the mandated identification of the documents relied upon in making the calculation.

    Respectfully submitted,

    /s/ Carter H. Dukes
    Carter H. Dukes
    Kimberly W. Geisler
    Attorneys for Defendant
    Mid State Land & Timber Company, Inc.
    formerly d/b/a/ Sedgefields Plantation

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue South, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jerry D. Roberson, Esq.
>Roberson & Roberson
>8 Office Park Circle
>Suite 150
>Birmingham, Alabama 35223
>
>Albert H. Adams, Jr., Esq.
>Irby Law Firm, LLC
>Post Office Box 910
>Eufaula, Alabama 36072

DONE this the 13th day of November, 2006.

>/s/ Carter H. Dukes
>Of Counsel

39275

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY HARRIS, WILLIE BERNARD MACK, DEMETRIUS PARHAM and HENRY TARVER,<br><br>**Plaintiffs**<br><br>v.<br><br>**MID-STATE LAND & TIMBER COMPANY, INC., d/b/a SEDGEFIELDS PLANTATION,**<br><br>**Defendant.** | CV: 2:04-CV-1161-F |

## PLAINTIFFS' INITIAL DISCLOSURES

COME NOW the Plaintiffs, Jeffrey Harris, Willie Bernard Mack, Demetrius Parham and Henry Tarver and pursuant to Rule 26 of the Federal Rules of Civil Procedure files their initial disclosures.

### I. WITNESSES

The following individuals are believed to have discoverable, personal knowledge concerning the factual issues raised in the complaint.

1. Jeffrey Harris, Plaintiff, c/o Roberson & Roberson.

2. Willie Bernard Mack, Plaintiff, c/o Roberson & Roberson.

3. Demetrius Parham, Plaintiff, c/o Roberson & Roberson.

4. Henry Tarver, Plaintiff, c/o Roberson & Roberson.

5. Norris Foster, c/o Roberson & Roberson.

6. Roy Lee, c/o Roberson & Roberson.

7. Joel Norman, c/o Mid-State.

8. Joseph Mays, address unknown.

9. David Carroll, c/o Mid-State.

10. Will Hubbard, address unknown.

11. Chance Hamm, c/o Mid-State.

12. William Beckwith, address unknown.

13. Denise Pierce, c/o Mid-State.

14. Plaintiffs reserves the right to supplement this list upon further discovery.

## II. EXHIBITS

A description of documents presently within the Plaintiffs' custody and control which Plaintiffs may use to support his claims include.

1. Pay stubs of the Plaintiffs.

2. Affidavit of Jeffrey Harris given in the Norris Foster case.

3. All exhibits in the Norris Foster case.

## III. DAMAGES

Plaintiffs seek damages for their unlawful discrimination in the following described categories:

1. Back-pay and benefits. Plaintiffs claim that white laborers were paid more than the Plaintiffs. Plaintiffs seek back-pay and benefits.

2. Plaintiffs seek compensatory damages for mental anguish, embarrassment, humiliation and frustration. This figure is not subject to calculation.

3. Plaintiffs seek an award of punitive damages. Said damages are left to the discretion of the jury upon proof of malice and/or reckless indifference to the Plaintiffs'

federally protected rights.

  4. Plaintiffs seek declaratory, injunctive and equitable relief.

  5. Plaintiffs, if a prevailing party, will seek reasonable attorneys' fees, costs and expenses of this litigation.

Respectfully submitted,

_____
Jerry D. Roberson

OF COUNSEL:
ROBERSON & ROBERSON
8 Office Park Circle
Suite 150
Birmingham, Alabama 35223
Telephone: (205) 871-1115
Facsimile: (205) 871-5115

Albert H. Adams, Jr., Esq. (ADA-058)
IRBY LAW FIRM, LLC
P.O. Box 910
Eufaula, Al. 36072

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon all counsel of record by deposit thereof in the United States Mail, postage pre-paid and properly addressed as follows:

Carter H. Dukes, Esq.
Kimberly W. Geisler, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203

  Dated this 1st day of November, 2006.

_____
OF COUNSEL

LAW OFFICES
# HUCKABY SCOTT & DUKES, P.C.

2100 THIRD AVENUE NORTH, SUITE 700
BIRMINGHAM, ALABAMA 35203

TELEPHONE (205) 251-2300
FACSIMILE (205) 251-6773
WWW.HSDPC.COM

CARTER H. DUKES

WRITER'S DIRECT DIAL: 205-244-2502
E-MAIL ADDRESS: CHD@HSDPC.COM

November 2, 2006

**VIA TELECOPIER**
**AND U.S. MAIL**
Jerry D. Roberson, Esq.
Roberson & Roberson
8 Office Park Circle
Suite 150
Birmingham, Alabama 35223

Re:   *Jeffrey Harris, et al. v. Mid State Land & Timber Company, Inc.*
      **In the United States District Court For The Middle District of Alabama**
      **Civil Action No.: CV-06-00875**

Dear Jerry:

Plaintiffs' computation of damages does not meet the requirements of Rule 26. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs "must provide a statement of damages *including dollar amounts claimed* to the extent ascertainable at this stage of the litigation." *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 683 (N.D. Ga. 2000) (emphasis added). Given that Plaintiffs know the precise amount of the alleged wage disparity and are claiming damages for a limited period of time ending May 19, 2006, a final calculation of their claimed back pay and benefits damages can be calculated at this stage of the litigation. Accordingly, please provide this calculation for each Plaintiff, with the appropriate identification of the documents relied upon in making the calculation, on or before November 10, 2006.

Additionally, Mid State requests that Plaintiffs supplement their Initial Disclosures to provide an estimate of their claimed mental anguish and emotional distress damages. As one district court has explained:

> If Plaintiff is to be permitted to testify to his intangible emotional harm, as he should be, he surely can place a dollar value on that from his own perspective. He is in a better position to do this than the jury. If estimates are made which might be subject to revision with expert opinion, that is entirely permissible, but the requirements of Fed.R.Civ.P. 26(a)(1)(C) cannot be avoided if the opposing party insists on compliance.

Jerry D. Robertson, Esq.
November 2, 2006
Page 2

*Dixon v. Bankhead*, No. 4:00CV344, 2000 WL 33175440, *1 (N.D. Fla. Dec. 20, 2000). Plaintiffs are in the best position to quantify the emotional distress purportedly suffered by them as a result of the allegedly unlawful fifty cents pay disparity over a period of months. Accordingly, Mid State insists they comply with Rule 26 and provide the required computation, subject to revision, if necessary, by expert opinion.

Please provide the requested supplementation to me on or before November 10, 2006. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, this is Mid State's attempt to resolve this matter without court intervention. I appreciate your cooperation.

Sincerely yours,

Carter H. Dukes

**ROBERSON & ROBERSON**
ATTORNEYS AT LAW
8 OFFICE PARK CIRCLE
SUITE 150
BIRMINGHAM, ALABAMA 35223
TELEPHONE: (205) 871-1115
FACSIMILE: (205) 871-6115

JERRY D. ROBERSON*
*ALSO MEMBER GEORGIA BAR

CHRISTIAN E. ROBERSON
(1966-2002)

November 2, 2006

***Via Facsimile:** (205) 251-6773*
Carter H. Dukes, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203

    Re:   *Jeffrey Harris, et al. v. Mid-State Land & Timber Company, Inc.*

Dear Carter:

    I cannot now identify the amount of back-pay, as I do not know the amount of tips that were withheld from them. I assume that you can do the math on their wage claim.

    I also think that the minimum amount of emotional damages caused by the discrimination is at least $25,000.00 per plaintiff. I hope that helps you in evaluating these cases.

Very truly yours,

Jerry Roberson

JDR/ac

cc:   Albert H. Adams, Esq. (Via E-mail)