**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY HARRIS, WILLIE** | ) | |
| **BERNARD MACK, DEMETRIUS** | ) | |
| **PARHAM and HENRY TARVER,** | ) | |
| | ) | **Civil Action No.:** |
| **Plaintiffs** | ) | |
| | ) | **2:06-cv-875-ID-CSC** |
| **v.** | ) | |
| | ) | |
| **MID-STATE LAND & TIMBER** | ) | |
| **COMPANY, INC., d/b/a** | ) | |
| **SEDGEFIELDS PLANTATION,** | | |
| | | |
| **Defendant.** | | |

**MOTION TO COMPEL**

COME NOW the Plaintiffs, and move this Court for an Order compelling the Defendant to produce certain requested documents.  As grounds for said motion, Plaintiff would show unto this Court as follows:

1.    This is a case pursuant to 42 U.S.C §1981 in which the Plaintiffs allege that the Defendant employer has discriminated against them on the basis of race in the terms and conditions of their compensation.  Plaintiffs allege that the Defendant had a racially discriminatory pay scheme involving separate tiers for blacks versus whites.

2.    Plaintiffs are claiming that their employer, Mid State Land & Timber Company, Inc. discriminated against them.  Plaintiffs make no claim against any individual Defendant.

3.    The Plaintiff Roy Lee was initially hired by the Defendant in 2000 as a laborer.  Plaintiff Roy Lee was made manager over the entire plantation on or about the

end of 2004, before David Carroll was hired as a manager in April of 2005.

4.      While Lee was farm manager, he was paid an hourly wage rate of $10.00 per hour.  Plaintiffs allege that Roy Lee is the only management employee who was ever paid by the hour, and that all previous white managers were paid a salary.

5.      The Plaintiffs have requested pay-roll documents from the Defendant for the time period when it operated Sedgefields Plantation, a hunting camp in Bullock County, Alabama.

6.      The Defendant has objected to producing any records other than after Carroll was hired as plantation manager.  Carroll was hired in April 2005.  Defendant further objects to producing pay-roll records of management employees hired before Carroll.

7.      42 U.S.C §1981 has a four year statute of limitations.  Lee can recover for discrimination that occurred four years prior to the filing of this Complaint to show discrimination by the Defendant.  This involves the relevant time period before Carroll was hired.  Lee can compare his pay with the prior employee he replaced as well as other previous managers.

8.      The Defendant has no lawful basis to refuse to produce said documents.

9.      Plaintiff Harris, Lee, Mack, Parham and Tarver are all black.  They were all paid less than every white employee hired after them.  They seek to show they were paid less than other employees hired before them.  They are entitled to records going back four years, as they have a viable cause of action for discrimination.

10.      The Plaintiff is taking the 30(b)(6) deposition of the Defendant Mid State Land & Timber on February 26th.   The Plaintiffs have filed a request for production,

requesting said documents. (Ex. 1).  The Defendant has filed objections to the requests

for production.  (Ex. 2).  The attorneys for the parties have met and conferred regarding

the request  for production and the objection.  The parties are unable, without court

intervention, to reach an agreement on whether said documents are relevant.

WHEREFORE, the Plaintiffs respectfully requests that this Court enter an Order

requiring the Defendant Mid State Land & Timber Company to produce said documents.

Respectfully submitted,

s/Jerry Roberson

_____

Jerry Roberson (ROB010)
Attorney for Plaintiffs
**ROBERSON & ROBERSON**
3765 Kinross Drive
P.O. Box 380487
Birmingham, Alabama 35238-0487
Phone Number:    205.981.3906
Fax Number:        205.981.3908
E-mail: jdratty@charter.net
              tlbaker@charter.net

**OF COUNSEL***:*

Albert H. Adams, Jr., Esq.  (ADA-058)
IRBY LAW FIRM, LLC
P.O. Box 910
Eufaula, Al. 36072

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of February 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carter H. Dukes, Esq.
Kimberly W. Geisler, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203

s/Jerry Roberson

_____
OF COUNSEL

# EXHIBIT
# 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY HARRIS, WILLIE BERNARD MACK, DEMETRIUS PARHAM and HENRY TARVER, | ) ) ) ) | |
| **Plaintiffs** | ) ) | **Civil Action No.:** |
| v. | ) ) | **2:06-cv-875-ID-CSC** |
| MID-STATE LAND & TIMBER COMPANY, INC., d/b/a SEDGEFIELDS PLANTATION, | ) ) ) ) | |
| **Defendant.** | | |

## RE-NOTICE OF DEPOSITION OF MID-STATE LAND & TIMBER

**To:**  Carter H. Dukes, Esq.
Kimberly W. Geisler, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203

Please take notice that at the time, date, and place indicated below, the Plaintiffs will take the testimony, by deposition, upon oral examination of **Mid-State Land & Timber Company, Inc**. before a notary public or other person authorized by law to administer oaths, by stenographic means and also by audio and video means. See Federal Rules of Civil Procedure 30(b)(3). The Plaintiffs request that the Defendant designate one or more employees, managing agents or other representatives who are knowledgeable concerning the following areas of inquiry pursuant to Rule 30 (b)(6) of the F.R.C.P.

1.      The names, qualifications, references, job descriptions, duties, salary or

wages, or other compensation of all employees of this Defendant who worked at Sedgefields Plantation during the period of time from its purchase until its sale on May 19, 2006.

2.    All personnel files of Mid-State Land & Timber Company employees who worked at Sedgefields Plantation during its period of operation by Mid-State Land & Timber Company.

3.    All documentation of any tips to employees of Mid-State Land & Timber Company during the period of time Mid-State Land & Timber Company operated at Sedgefields Plantation in Bullock County.

4.    All W-2 forms to all employees of Mid-State Land & Timber Company who worked at Sedgefields Plantation in Bullock County.

5.    All payroll records for any employee of Mid-State Land & Timber Company who worked at Sedgefields Plantation.

6.    All background checks, credit checks, references or other employment or pre-employment related inquiries for employees of Mid-State Land & Timber Company at the Sedgefields Plantation location in Bullock County.

7.    All documentation which relates to the purchase price and sales price of Sedgefields Plantation.

8.    All income, tax deductions, losses, or other taxable events reported by Mid-State Land & Timber Company during the operation of Sedgefields.

Pursuant to Rule 30 (b)(5) of the Federal Rules of Civil Procedure, the Plaintiffs' request the Defendant produce and permit the inspection and copying of the following documents at the deposition.

1.    All personnel files of all employees of Mid-State Land & Timber Company who worked at the Sedgefields Plantation during the period of time that Mid-State operated it.

2.    All documents which relate in any way to tips to employees of Mid-State Land & Timber Company during the period of its operation at the Sedgefields Plantation location in Bullock County.

3.    All W-2 forms for all Bullock County Mid-State Land & Timber Company employees.

4.    All payroll records for all Bullock County employees of Mid-State Land & Timber Company.

5.    All documents which relate to background checks, credit checks, references or other employment or pre-employment related inquiries for employees of Mid-State Land & Timber Company at the Sedgefields Plantation location in Bullock County.

6.    All documents which relate to the name, qualifications, references, job descriptions, duties, salary or wages, or other compensation of all employees of Mid-State Land & Timber Company at the Sedgefields Plantation during the period of time it was owned and operated by Mid-State Land & Timber Company.

7.    All documents which relate to Mid-State Land & Timber Company's reporting of income, losses, or other taxable events during the operations of Sedgefields Plantation.

| | |
|---|---|
| **Deponent:** | **Mid-State Land & Timber Company, Inc** |
| **DATE:** | **Monday, February 26, 2007** |
| **TIME:** | **1:00 p.m.** |
| **LOCATION:** | **Carter H. Dukes**<br>**Huckaby Scott & Dukes** |

2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Telephone: 205-251-2300


_____
Jerry Roberson (ROB010)
Attorney for Plaintiffs


**OF COUNSEL:**

***ROBERSON & ROBERSON***
**3765 Kinross Drive**
**P.O. Box 380487**
**Birmingham, Alabama 35238-0487**
**Phone Number:    205.981.3906**
**Fax Number:      205.981.3908**
**E-mail:      jdratty@charter.net**


## CERTIFICATE OF SERVICE

I I hereby certify that I have served counsel for all parties to this action with a copy of the foregoing document via facsimile on this the 1st day of February, 2007.

Carter H. Dukes, Esq.
Kimberly W. Geisler, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203


_____
OF COUNSEL

# EXHIBIT
# 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY HARRIS, WILLIE BERNARD MACK, DEMETRIUS PARHAM and HENRY TARVER, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: 2:06-CV-00875-ID-CSC |
| vs. | ) ) ) | |
| MID-STATE LAND & TIMBER COMPANY, INC., D/B/A SEDGEFIELDS PLANTATION, | ) ) ) ) | |
| Defendant. | ) ) | |

## RESPONSES AND OBJECTION TO 30(b)(6) AREAS OF TESTIMONY AND FED. CIV. R. 30(b)(5) REQUESTS ACCOMPANYING RE-NOTICE OF TAKING DEPOSITION OF MID STATE LAND & TIMBER COMPANY, INC.

COMES NOW Defendant Mid State Land & Timber Company, Inc., formerly d/b/a Sedgefields Plantation, (hereinafter referred to as "Defendant") and serves its responses and objections to the areas of testimony and 30(b)(5) requests accompanying the re-notice of taking deposition of for Mid State Land & Timber Company, Inc.

These objections and responses are made without waiver of:

a.      All objections as to competency, relevancy, materiality, privilege, and admissibility of each response and the subject matter thereof as evidence for any purpose in any further proceedings in this action;

b.      The right to object to the use of any such responses or the subject matter thereof on any grounds in any further proceedings in this action;

c.      The right to object on any ground at any time to a demand or request for further responses to these or other discovery requests involving or relating to the subject matter of the

discovery requests herein responded to; and

       d.     The right at anytime to revise, correct, supplement, or clarify any of the responses contained herein.

## GENERAL OBJECTIONS

       1.     Defendant objects to each and every one of Plaintiff's discovery requests to the extent that any such discovery request calls for information more appropriately and efficiently elicited through depositions upon oral examination.

       2.     Defendant objects to each and every one of Plaintiff's discovery requests insofar as such discovery request is over broad, vague, and ambiguous, requiring Defendant to engage in a lengthy, time consuming and expensive search for information with no specific guidance as to what information is requested pursuant to each discovery request.

       3.     Defendant objects to each and every one of Plaintiff's discovery requests insofar as such discovery request seeks information that is neither relevant to the subject matter of the pending litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

       4.     Defendant objects to each and every one of Plaintiff's discovery requests insofar as such discovery request calls for communication and/or documents which were prepared or made by other persons and/or entities.  Such documents, communications, and knowledge of such communications are in the custody, control, and possession of others, and therefore, Defendant is justified in requesting that Plaintiff obtain such information from other persons and/or entities.

       5.     Defendant objects to each and every one of Plaintiff's discovery requests to the extent that any such discovery request seeks information subject to the attorney/client privilege, prepared in anticipation of litigation or in anticipation of trial, or attorney work product which is confidential

or proprietary in nature, or any other privilege.

6.    Defendant objects to each and every one of Plaintiff's discovery requests to the extent that any such discovery requests seek information concerning issues upon which discovery is not yet complete.

7.    Defendant objects to each and every one of Plaintiff's discovery requests to the extent that any such discovery request seeks information, the retrieval or compilation of which would be unduly burdensome to Defendant.

8.    Defendant objects to each and every one of Plaintiff's discovery requests to the extent that they seek discovery of information that is confidential and proprietary to Defendant and was created or is maintained by Defendant at significant expense and the unprotected disclosure of which would cause competitive injury to Defendant.

**Moreover, Defendant objects to the videotaping of Defendant's deposition to the extent that the videotaping services are provided by anyone other than an independent third party videographer.**

## 30(B)(6) REQUESTS AND OBJECTIONS

1.    The names, qualifications, references, job descriptions, duties, salary or wages, or other compensation of all employees of this Defendant who worked at Sedgefields Plantation during the period from its purchase until its sale on May 19, 2006.

<u>Response:</u>    Defendant objects to this request for the reasons set forth in general objections numbers 2, 3 and 7. Specifically, Plaintiff's discovery request is impermissibly broad in that it seeks information or documents that would not lead to the discovery of relevant information as to Plaintiffs' disparate treatment claims. Also, the request is not reasonably limited temporally to the

time period of Plaintiffs' employment with Defendant and is not reasonably limited to employees who held similar positions or to employees who worked under similar supervisors. Further, it is not reasonably limited to the time when the decisionmaker at issue (David Carroll) was employed by Defendant. Subject to and notwithstanding these objections, Defendant will make available for deposition an individual with knowledge of the subject matter of this request from April 2005 (when Carroll became employed with Defendant) to May 19, 2006.

2.    All personnel files of Mid State Land & Timber Company employees who worked at Sedgefields Plantation during its period of operation by Mid State Land & Timber Company.

Response:    Defendant objects to this request for the reasons set forth in general objections numbers 2, 3 and 7. Specifically, Plaintiff's discovery request is impermissibly broad in that it seeks information or documents that would not lead to the discovery of relevant information as to Plaintiffs' disparate treatment claims. Also, the request is not reasonably limited temporally to the time period of Plaintiffs' employment with Defendant and is not reasonably limited to employees who held similar positions or to employees who worked under similar supervisors. Further, it is not reasonably limited to the time when the decisionmaker at issue (David Carroll) was employed by Defendant. Subject to and notwithstanding these objections, Defendant will make available for deposition an individual with knowledge of the subject matter of this request from April 2005 (when Carroll became employed with Defendant) to May 19, 2006.

3.    All documentation of any tips to employees of Mid State Land & Timber Company during the period of time Mid State Land & Timber Company operated at Sedgefields Plantation in Bullock County.

Response:    Defendant objects to this request for the reasons set forth in general objections

4

numbers 2, 3 and 7. Specifically, Plaintiff's discovery request is impermissibly broad in that it seeks information or documents that would not lead to the discovery of relevant information as to Plaintiffs' disparate treatment claims. Also, the request is not reasonably limited temporally to the time period of Plaintiffs' employment with Defendant and is not reasonably limited to employees who held similar positions or to employees who worked under similar supervisors. Further, it is not reasonably limited to the time when the decisionmaker at issue (David Carroll) was employed by Defendant. Subject to and notwithstanding these objections, Defendant will make available for deposition an individual with knowledge of the subject matter of this request from April 2005 (when Carroll became employed with Defendant) to May 19, 2006.

    4.    All W-2 forms to all employees of Mid State Land & Timber Company who worked at Sedgefields Plantation in Bullock County.

    <u>Response:</u>    Defendant objects to this request for the reasons set forth in general objections numbers 2, and 3. Specifically, Plaintiff's discovery request is impermissibly broad in that it seeks information or documents that would not lead to the discovery of relevant information as to Plaintiffs' disparate treatment claims. Also, the request is not reasonably limited temporally to the time period of Plaintiffs' employment with Defendant and is not reasonably limited to employees who held similar positions or to employees who worked under similar supervisors. Further, it is not reasonably limited to the time when the decisionmaker at issue (David Carroll) was employed by Defendant. Subject to and notwithstanding these objections, Defendant will make available for deposition an individual with knowledge of the subject matter of this request from April 2005 (when Carroll became employed with Defendant) to May 19, 2006.

    5.    All payroll records for any employee of Mid State Land & Timber Company who

5

worked at Sedgefields Plantation.

Response:    Defendant objects to this request for the reasons set forth in general objections numbers 2, and 3. Specifically, Plaintiff's discovery request is impermissibly broad in that it seeks information or documents that would not lead to the discovery of relevant information as to Plaintiffs' disparate treatment claims. Also, the request is not reasonably limited temporally to the time period of Plaintiffs' employment with Defendant and is not reasonably limited to employees who held similar positions or to employees who worked under similar supervisors. Further, it is not reasonably limited to the time when the decisionmaker at issue (David Carroll) was employed by Defendant. Subject to and notwithstanding these objections, Defendant will make available for deposition an individual with knowledge of the subject matter of this request from April 2005 (when Carroll became employed with Defendant) to May 19, 2006.

6.    All background checks, credit checks, references or other employment or pre-employment related inquiries for employees of Mid State Land & Timber Company at the Sedgefields Plantation location in Bullock County.

Response:    Defendant objects to this request for the reasons set forth in general objections numbers 2, 3 and 7. Specifically, Plaintiff's discovery request is impermissibly broad in that it seeks information or documents that would not lead to the discovery of relevant information as to Plaintiffs' disparate treatment claims. Also, the request is not reasonably limited temporally to the time period of Plaintiffs' employment with Defendant and is not reasonably limited to employees who held similar positions or to employees who worked under similar supervisors. Further, it is not reasonably limited to the time when the decisionmaker at issue (David Carroll) was employed by Defendant. Subject to and notwithstanding these objections, Defendant will make available for

6

deposition an individual with knowledge of the subject matter of this request from April 2005 (when

Carroll became employed with Defendant) to May 19, 2006.

7.    All documentation which relates to the purchase price and sales price of Sedgefields

Plantation.

<u>Response:</u>    Defendant objects to this request for the reasons set forth in general objection

number 3.    Subject to and notwithstanding this objection, Defendant will make available for

deposition an individual who will testify generally as to the sale and purchase price of Sedgefields

Plantation.

8.    All income, tax deductions, losses, or other taxable events reported by Mid State Land

& Timber Company during the operation of Sedgefields.

<u>Response:</u>    Defendant objects to this request for the reasons set forth in general objections

numbers 2, 3, 5, 7 and 8.

## 30(B)(5) REQUESTS AND OBJECTIONS

1.    All personnel files of all employees of Mid State Land & Timber Company who worked

at Sedgefields Plantation during the period of time that Mid State operated it.

<u>Response:</u>    Defendant objects to this request for the reasons set forth in general objections

numbers 2, 3 and 7.  Specifically, Plaintiff's discovery request is impermissibly broad in that it seeks

information or documents that would not lead to the discovery of relevant information as to

Plaintiffs' disparate treatment claims.  Also, the request is not reasonably limited temporally to the

time period of Plaintiffs' employment with Defendant and is not reasonably limited to employees

who held similar positions or to employees who worked under similar supervisors.  Further, it is not

reasonably limited to the time when the decisionmaker at issue (David Carroll) was employed by

7

Defendant. Subject to and notwithstanding these objections, Defendant will make available for deposition an individual with knowledge of the subject matter of this request from April 2005 (when Carroll became employed with Defendant) to May 19, 2006.

2.    All documents which relate in any way to tips to employees of Mid State Land & Timber Company during the period of its operation at the Sedgefields Plantation location in Bullock County.

Response:    Defendant objects to this request for the reasons set forth in general objections numbers 2, 3 and 7. Specifically, Plaintiff's discovery request is impermissibly broad in that it seeks information or documents that would not lead to the discovery of relevant information as to Plaintiffs' disparate treatment claims. Also, the request is not reasonably limited temporally to the time period of Plaintiffs' employment with Defendant and is not reasonably limited to employees who held similar positions or to employees who worked under similar supervisors. Further, it is not reasonably limited to the time when the decisionmaker at issue (David Carroll) was employed by Defendant. Subject to and notwithstanding these objections, Defendant will make available for deposition an individual with knowledge of the subject matter of this request from April 2005 (when Carroll became employed with Defendant) to May 19, 2006.

3.    All W-2 forms for all Bullock Count Mid State Land & Timber Company employees.

Response:    Defendant objects to this request for the reasons set forth in general objections numbers 2 and 3. Specifically, Plaintiff's discovery request is impermissibly broad in that it seeks information or documents that would not lead to the discovery of relevant information as to Plaintiffs' disparate treatment claims. Also, the request is not reasonably limited temporally to the time period of Plaintiffs' employment with Defendant and is not reasonably limited to employees

who held similar positions or to employees who worked under similar supervisors. Further, it is not reasonably limited to the time when the decisionmaker at issue (David Carroll) was employed by Defendant. Subject to and notwithstanding these objections, Defendant will make available for deposition an individual with knowledge of the subject matter of this request from April 2005 (when Carroll became employed with Defendant) to May 19, 2006.

4.     All payroll records for all Bullock County employees of Mid State Land & Timber Company.

Response:     Defendant objects to this request for the reasons set forth in general objections numbers 2, and 3. Specifically, Plaintiff's discovery request is impermissibly broad in that it seeks information or documents that would not lead to the discovery of relevant information as to Plaintiffs' disparate treatment claims. Also, the request is not reasonably limited temporally to the time period of Plaintiffs' employment with Defendant and is not reasonably limited to employees who held similar positions or to employees who worked under similar supervisors. Further, it is not reasonably limited to the time when the decisionmaker at issue (David Carroll) was employed by Defendant. Subject to and notwithstanding these objections, Defendant will make available for deposition an individual with knowledge of the subject matter of this request from April 2005 (when Carroll became employed with Defendant) to May 19, 2006.

5.     All documents which relate to background checks, credit checks, references or other employment or pre-employment related inquiries for employees of Mid State Land & Timber Company at the Sedgefields Plantation location in Bullock County.

Response:     Defendant objects to this request for the reasons set forth in general objections numbers 2, 3 and 7. Specifically, Plaintiff's discovery request is impermissibly broad in that it seeks

9

information or documents that would not lead to the discovery of relevant information as to Plaintiffs' disparate treatment claims. Also, the request is not reasonably limited temporally to the time period of Plaintiffs' employment with Defendant and is not reasonably limited to employees who held similar positions or to employees who worked under similar supervisors. Further, it is not reasonably limited to the time when the decisionmaker at issue (David Carroll) was employed by Defendant. Subject to and notwithstanding these objections, Defendant will make available for deposition an individual with knowledge of the subject matter of this request from April 2005 (when Carroll became employed with Defendant) to May 19, 2006.

      6.    All documents which relate to the name, qualifications, references, job descriptions, duties, salary or wages, or other compensation of all employees of Mid State Land & Timber Company at the Sedgefields Plantation during the period of time it was owned and operated by Mid State Land & Timber Company.

    Response:   Defendant objects to this request for the reasons set forth in general objections numbers 2, 3 and 7. Specifically, Plaintiff's discovery request is impermissibly broad in that it seeks information or documents that would not lead to the discovery of relevant information as to Plaintiffs' disparate treatment claims. Also, the request is not reasonably limited temporally to the time period of Plaintiffs' employment with Defendant and is not reasonably limited to employees who held similar positions or to employees who worked under similar supervisors. Further, it is not reasonably limited to the time when the decisionmaker at issue (David Carroll) was employed by Defendant. Subject to and notwithstanding these objections, Defendant will make available for deposition an individual with knowledge of the subject matter of this request from April 2005 (when Carroll became employed with Defendant) to May 19, 2006.

7.    All documents which relate to Mid State Land and Timber Company's reporting of income, losses, or other taxable events during the operations of Sedgefields Plantation.

<u>Response:</u>    Defendant objects to this request for the reasons set forth in general objections numbers 2, 3, 5, 7 and 8.

Respectfully submitted,

_____

Carter H. Dukes
Kimberly W. Geisler
Attorneys for Defendant
Mid State Land & Timber Company, Inc.

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North
Suite 700
Birmingham, Alabama 35203
(205) 251-2300

11

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of same in the United States mail, first class postage prepaid and addressed as follows:

Jerry D. Roberson, Esq.
Roberson & Roberson
3765 Kinross Drive
P.O. Box 380487
Birmingham, Alabama 35238-0487

Albert H. Adams, Jr., Esq.
Irby Law Firm, LLC
Post Office Box 910
Eufaula, Alabama 36072

DONE this the 5th day of February, 2007.

Of Counsel

40018

12