# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **JEFFREY HARRIS, WILLIE BERNARDMACK, DEMETRIUS PARHAM and HENRY TARVER,** ) ) ) ) | |
| Plaintiffs, ) | **CIVIL ACTION NO.:** **2:06-CV-00875-ID-CSC** |
| ) vs. ) ) | |
| **MID-STATE LAND & TIMBER COMPANY, INC., D/B/A SEDGEFIELDS PLANTATION,** ) ) ) ) ) | |
| Defendant. ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER

COMES NOW Defendant Mid State Land & Timber Company, Inc., formerly d/b/a Sedgefields Plantation ("Defendant"), and submits this Opposition to Plaintiffs' Motion to Compel and requests that this Court enter a Protective Order limiting discovery in accordance with the objections set forth in Defendant's Responses and Objections to 30(b)(5) and (6) Deposition Notice for Defendant.

### OPPOSITION TO MOTION TO COMPEL

In their Complaint, filed in September 2006, Plaintiffs Jeffrey Harris ("Harris"), Willie Bernard Mack ("Mack"), Demetrius Parham ("Parham"), and Henry Tarver ("Tarver") assert claims of race discrimination against Defendant. All of these

Plaintiffs were employed solely as laborers by Defendant. In their Complaint, these Plaintiffs allege that Defendant <u>subsequently</u> hired white crew members "at substantially higher wage rates" <u>beginning in July 2005.</u> (Second Am. Compl. ¶¶ 12, 15, 16, 17.) In their Complaint, Plaintiffs identify by name the four white employees who they allege were impermissibly paid higher wages. (*Id.*)

Plaintiff Roy Lee ("Lee") also asserts a claim of wage discrimination. Lee alleges that he was paid less than Joel Norman ("Norman"), a white male hired in September 2005, because of his race. (Second Am. Compl. ¶ 13.) Lee's allegations deal solely with the alleged impermissible disparity in his pay as "foreman over deer hunting and quail operations" and the pay provided to Norman beginning in September 2005.

On February 1, 2007, Plaintiffs served a Re-Notice of Deposition and Rule 30(b)(5) Requests for Production upon Defendant. Exhibit 1 to Plaintiffs' Mot. to Compel. Plaintiffs seek testimony and documents relating to the "names, qualifications, references, job descriptions, duties, salary or wages" of every employee of Defendant during the entire ten year period that Defendant operated Sedgefields. Plaintiffs seek the personnel files, payroll records, tip information, W-2s, and background check information for every employee of Defendant for over ten years. In response to Plaintiffs' impermissibly broad and over reaching, discovery requests, Defendant asserted objections and agreed to provide testimony and

documents for employees who held the positions similar to those held by Plaintiffs and who worked for Defendant from April 2005 until May 19, 2006, when Defendant sold Sedgefields. The reasonable time period set by Defendant encompasses the tenure of Plantation Manager David Carroll's employment, the decision-maker with respect to Plaintiffs' pay and that of Plaintiffs' identified comparators and exceeds the time period beyond encompassed by the allegations of Plaintiffs' Second Amended Complaint, which asserts the first discriminatory pay rate was provided in July 2005 when William Beckwith was hired. (Second Am. Compl. ¶ 12.)

Rule 26 defines the scope of discovery as "any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b). According to the Eleventh Circuit Court of Appeals, the only evidence that is relevant to Plaintiffs' individual claims of race discrimination is evidence that higher wages were paid to similarly-situated white employees.[1] *Cooper v. Southern Co.*, 390 F.3d 695, 735 (11th Cir. 2004). "In a comparator analysis, the plaintiff is matched with a person or

---

[1] Plaintiffs make a conclusory allegation concerning a "two tiered" pay system for white and black employees that is insufficient to establish a prima facie case of individual disparate treatment. To the extent Plaintiffs contend that evidence of the pay of employees who held different positions, performed different duties, and reported to different supervisors would be relevant to establishing a "pattern and practice" claim (and it would not), Plaintiffs, asserting claims in their individual capacities, are not proper parties to bring a pattern and practice claim. *EEOC v. Joe's Stone Crab, Inc.,* 220 F.3d 1263, 1286 (11th Cir. 2000) (explaining that a pattern and practice claim can be brought either "by the EEOC if there is reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of discrimination ... or by a class of private plaintiffs under 42 U.S.C. § 2000e."). *See also Marshall v. Daleville City Bd. of Educ.*, No. 1:05-386, 2006 WL 2056581, *3 (M.D. Ala. July 24, 2006) (same) (Albritton, J.).

persons who have very similar job-related characteristics and who are in a similar situation to determine if the plaintiff has been treated differently than others who are similar to him." *MacPherson v. University of Montevallo,* 922 F.2d 766, 775 (11th Cir. 1991). Defendant has complied with the law and the Rules by agreeing to provide testimony and produce documents (to the extent not previously produced) relating to individuals who held positions similar to Plaintiffs, who are encompassed by the time frame established by Plaintiffs' allegations, and who were in the "similar situation" of working under the supervision of, and having their wages set by, David Carroll. The information that Plaintiffs seek – information on individuals who held different positions and had their salary set by different decision-makers, during different time periods, under different supervisors – is not only beyond the scope of their Second Amended Complaint but also beyond the realm of relevancy as defined by the Eleventh Circuit for these claims. *See Jackson v. Bellsouth Telecomm.*, 372 F.3d 1250, 1273 (11th Cir. 2004) ("When comparing similarly situated individuals to raise an inference of discriminatory motivation, the individuals must be similarly situated in all relevant respects besides the [protected trait], since different treatment of *dissimilarly* situated persons does not violate civil rights laws.") (emphasis original). Defendant has produced the personnel files and payroll information for all the individuals identified in Plaintiffs' Second Amended Complaint. Defendant has further agreed to produce the personnel files and payroll information, if any and

to the extent not previously produced, for any individual who held a similar position and worked under the supervision of David Carroll, the Plantation Manager during whose tenure Plaintiffs allege the discrimination occurred. The information and documents that Defendant has agreed to provide and produce, respectively, comports with the requirements of Rule 26. Accordingly, because Plaintiffs seek information and documents that are not relevant to, and would not lead to the discovery of admissible evidence as to, their claims, Plaintiffs' Motion to Compel is due to be denied.

## MOTION FOR PROTECTIVE ORDER

Defendant has attempted to have Plaintiffs voluntarily limit their discovery to the confines of the Rules. As evidenced by the filing of their Motion to Compel, Plaintiffs have refused Defendant's request. Accordingly, Defendant requests that this Court enter a Protective Order sustaining Defendant's objections to Plaintiff's requested discovery and limiting discovery to information and documents relating to individuals who held positions similar to Plaintiffs between April 2005 and May 19, 2006. FED. R. CIV. P. 26(c).

                Respectfully submitted,

                /s/ Carter H. Dukes
                Carter H. Dukes
                Kimberly W. Geisler
                Attorneys for Defendant
                Mid State Land & Timber Co., Inc., d/b/a Sedgefields Plantation

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Jerry D. Roberson, Esq.
> Roberson & Roberson
> 8 Office Park Circle
> Suite 150
> Birmingham, Alabama 35223
>
> Albert H. Adams, Esq.
> Irby law Firm, LLC
> Post Office Box 910
> Eufaula, Alabama 36072

Done this the 20th day of February, 2007.

                                                /s/ Carter H. Dukes
                                                          Of Counsel

40251.1