# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **JEFFREY HARRIS, WILLIE BERNARD MACK, DEMETRIUS PARHAM and HENRY TARVER,** ) ) ) ) | |
| Plaintiffs, ) | **CIVIL ACTION NO.:** |
| ) | **2:06-CV-00875-ID-CSC** |
| vs. ) ) | |
| **MID STATE LAND & TIMBER COMPANY, INC., D/B/A SEDGEFIELDS PLANTATION,** ) ) ) ) | |
| Defendant. | |

## MOTION FOR ORDER TO COMPEL PRODUCTION
## OF RECORDS BY THE ALABAMA NATIONAL GUARD

COMES NOW Defendant Mid State Land & Timber Company, Inc. ("Mid State") and moves this Court for an Order compelling the Alabama National Guard to produce any and all records relating to Plaintiff Jeffrey Harris ("Harris") as requested by Mid State's March 16, 2007 subpoena. In support hereof, Defendant shows unto the Court the following:

1. In his application for employment with Mid State, Harris indicated that he had served with the Alabama National Guard from 1985 to 1986 as an ammunition clerk and was ranked "E1" when discharged. A copy of Harris's employment application is attached hereto as Exhibit A.

2.  In his deposition testimony, Harris stated that his relationship with the Alabama National Guard terminated because he was absent without leave ("AWOL"). Pertinent portions of Jeffrey Harris's deposition testimony are attached hereto as Exhibit B. Harris further testified in his deposition that despite being AWOL, he received an "honorable discharge with general conditions."

3.  On March 16, 2007, Mid State served a subpoena on the Alabama National Guard requesting production of all records pertaining to Jeffrey Harris. A copy of the March 16, 2007 subpoena is attached hereto as Exhibit C.

4.  On March 20, 2007, a representative from the National Guard notified counsel for Mid State by telephone that the records requested by the subpoena could not be produced without an Order from this Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Mid State Land & Timber Company, Inc. respectfully requests that this Court enter the attached Order compelling the Alabama National Guard to produce the records requested by the March 16, 2007 subpoena. As the discovery deadline in this action is rapidly approaching, Defendant has filed this Motion to ensure its consideration within the discovery deadline.

                Respectfully submitted,

            /s/ Kimberly W. Geisler
               Carter H. Dukes
              Kimberly W. Geisler
           Attorneys for Defendant
      Mid State Land & Timber Company, Inc.

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North
Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

     I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Jerry D. Roberson, Esq.
        Roberson & Roberson
        3765 Kinross Drive
        P.O. Box 380487
        Birmingham, Alabama 35238-0487

        Albert H. Adams, Jr., Esq.
        Irby Law Firm, LLC
        Post Office Box 910
        Eufaula, Alabama 36072

   DONE this the 21st day of March, 2007.

                  /s/ Kimberly W. Geisler
                      Of Counsel

40476

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JEFFREY HARRIS, WILLIE BERNARD MACK, DEMETRIUS PARHAM and HENRY TARVER,**<br><br>    **Plaintiffs,**<br><br>vs.<br><br>**MID STATE LAND & TIMBER COMPANY, INC., D/B/A SEDGEFIELDS PLANTATION,**<br><br>    **Defendant.** | **CIVIL ACTION NO.:<br>2:06-CV-00875-ID-CSC** |

**ORDER**

Before this Court is Defendant Mid State Land & Timber Company, Inc's ("Defendant") Motion For Order To Compel Production Of Records By The Alabama National Guard. After careful consideration of Defendants' Motion, the arguments therein, and the relevant law, it is CONSIDERED and ORDERED that said Motion be and the same is hereby GRANTED. The Alabama National Guard is directed to produce all records relating to Plaintiff Jeffrey Harris as requested by Defendant's March 16, 2007 subpoena within seven (7) days of this Order.

Done this the ___ day of _____, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

RECEIVED
SEP 12 2005

# The Peble Corp.

## EMPLOYMENT APPLICATION

PLEASE PRINT ANSWERS TO THE FOLLOWING QUESTIONS CAREFULLY AND IN INK. TO BE CONSIDERED FOR EMPLOYMENT, ALL ITEMS MUST BE COMPLETED, INCLUDING SIGNATURE. THIS APPLICATION IS VALID FOR 30 DAYS. IF YOU WISH TO BE CONSIDERED FOR EMPLOYMENT AFTER THIS APPLICATION EXPIRES, THEN YOU MUST RE-APPLY.

NAME: Jeffrey Harris
TELEPHONE NUMBER
ADDRESS: 242 Orchid Ln
Home #: (334) 738-2502
CITY: Fitzpatrick   STATE: Al   ZIP: 36089
Daytime #: (   )   -
SOCIAL SECURITY NUMBER: 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

**EMPLOYMENT INTERESTS:**

Type of work desired: Animal Care (Feeding + Watering) Tractor Operator

Full Time: ✓   Part Time: ___   Temporary: ___

Starting pay expected: ___   Date Available to start: 8 26 05

**IF APPLICABLE:**

Are you willing to travel? Yes   If yes, what percentage of the time: 60%

Would you be willing to relocate? No

Would you object to: Irregular work hours ☑ YES ☐ NO   Night work ☑ YES ☐ NO
Swing or fluctuating shift work ☑ YES ☐ NO

**SPECIAL SKILLS** - COMPLETE IF APPLICABLE TO THE POSITION FOR WHICH YOU ARE APPLYING:

Skill: Forklift   Experience: 6 yrs
Skill: Bush hog   Experience: 8 yrs
Skill: Bush hog Maintanace   Experience: 3 yrs

Please discuss other specialized skills you feel are pertinent to the job for which you are applying:
hunting

**UNITED STATES MILITARY SERVICE STATUS:**

Past Military Service - FROM: 1985   TO: 1986

Branch: National Gaurd   Rank on discharge: E1   Present Status: Same

List duties and special training: Ammonition Clerk

CONFIDENTIAL

**EDUCATION:**

| | NAME OF SCHOOL AND LOCATION | MAJOR AREA OF STUDY and/or DEGREE RECEIVED |
|---|---|---|
| High School | Bullock Co High School, Sardis Rd | |
| Jr. College, College, or University | None | |
| Technical or Trade Schools | None | |

Honors and Scholarships  None

Grade Average (approx.)   High School  C   College _____ Other _____

**General Information:**

Are you legally authorized to work in the United States? ☒ YES  ☐ NO  If not, what is your present status and do you have a work visa? _____

Have you ever been convicted of a crime? ☒ YES  ☐ NO  If yes, please explain. Give dates, charge, penalty assessed or disposition. Conviction will not necessarily bar employment. Consideration will be given to the nature of the crime, age at the time of offense, rehabilitation and the position for which you are applying.

Possesion of Marijuana, Misdemeanor 1994 fine paid Rehab 1 yr

Have you ever been discharged from a job? ☐ YES  ☒ NO  If yes, please explain _____

Have you ever been bonded? ☐ Yes  ☒ NO  If yes, when and in what job _____

CONFIDENTIAL

Do you have a valid, active driver's license?  ☑ YES  ☐ NO  Issuing State __AL__

Drivers License # __5287965__ Class of License __Dm__

How long have you been a resident of this City __25 yrs__ State __AL__

How long at your present address? __5 yrs__ Give previous address if less than one year at present address _____

Are you over the age of 18?  ☑ YES  ☐ NO  If hired can you provide proof of age?  ☑ YES  ☐ NO

**EMPLOYMENT DATA:**

Have you ever been employed by this company before?  ☐ YES  ☑ NO  If yes, please give dates of employment, position employed, and reason for leaving _____

Please list all jobs (if not listed above), beginning with your present or last employer and working backwards to earlier positions. Account for all periods, including unemployment, self-employment, and military service. If additional space is needed, please list on a separate page or on the back of this form.

#1 DATES - From __1999__ to __2001__

Company Name, City, and State __Winn Dixie  mont.__

Supervisor's Name/Title __Terry__ SALARY - Start __9.50__ End __11.25__

Phone # __N/A__ May we contact? __yes__ Final position with the company __loader__

Reason for leaving? __2 Back Surgerys__

#2 DATES - From __1993__ to __1999__

Company Name, City, and State __Mr turf  Banks Al.__

Supervisor's Name/Title __Rob Cameron__ SALARY - Start __4.50__ End __8.50__

Phone # _____ May we contact? __yes__ Final position with the company __Mower maintance__

Reason for leaving? __Financial__

#3 DATES - From __1987__ to __1993__

Company Name, City, and State __National Industries__

Supervisor's Name/Title __Wendy bronson__ SALARY - Start __4.25__ End __4.75__

Phone # __N/A__  Moved to mexico  May we contact? __yes__ Final position with the company __Stock man__

Reason for leaving? __Financial__

#4 DATES - From _____ to _____

Company Name, City, and State _____

Supervisor's Name/Title _____ SALARY - Start _____ End _____

Phone # _____ May we contact? _____ Final position with the company _____

Reason for leaving? _____

#5 DATES - From _____ to _____

Company Name, City, and State _____

Supervisor's Name/Title _____ SALARY - Start _____ End _____

Phone # _____ May we contact? _____ Final position with the company _____

Reason for leaving? _____

PERSONAL REFERENCES (Not Former Employers or Relatives)

| Name and Occupation | Address | Phone Number |
|---|---|---|
| Henry Himmons | Rt 2 Box 9nn Union Springs Al | 334-738-4547 |
| Natan Williams | Adams Ridge | 334-738-5998 |

The Peble Corp. is an Equal Opportunity Employer which endeavors, pursuant to all applicable Federal and State Laws, to give every applicant for employment, and every employee, equal consideration in all matters relating to employment, without regard to race, color, sex, age, religion, national origin, citizenship and disability.

,ny signature below, I certify the facts set forth in this application for employment are true and complete to the best of my knowledge and belief, and I agree you may investigate my statements. I agree to permit all past employers to give any information concerning me and release them from liability in furnishing such information. I understand that my employment and, if employed, my continued employment, is conditional upon my participating in and clearing such security examinations or investigations as may be deemed advisable by the company. I agree to participate in such examinations and investigations when requested to do so by the company, and agree that the company shall be held harmless and free from liability in connection with any security examination or investigation in which I may be involved.

I understand, if employed, false statements on this application shall result in disciplinary action up to and including discharge. Also if employed, I understand that it is the company's policy that all employees who do not have a written employment contract with the company for a specific, fixed term of employment are employed at the company's will. I understand that I would be subject to termination at any time, for any reason, with or without cause or notice.

_____
Applicant's Signature

8-30-05
Date Signed

CONFIDENTIAL

Page 51

1  Q. Okay. Now, the second page,
2  which begins -- which is Document Number 58,
3  is everything in there, is that your
4  handwriting?
5  A. Yeah. Yes.
6  Q. Okay. And when did you
7  complete the application, when you -- did
8  you complete it when you first came to speak
9  with Mr. Carroll?
10  A. I'm not sure.
11  Q. Okay. Or did you take it home
12  with you? Do you remember?
13  A. No, I don't.
14  Q. Okay. But you had plenty of
15  time to complete the application?
16  A. Yeah.
17  Q. Okay.
18  A. I would say.
19  Q. All right. You have here some
20  military experience.
21  A. Yep.
22  Q. Did you work in the -- Were
23  you in the National Guard?

**FREEDOM COURT REPORTING**

Page 52

1       A.      Yes.
2       Q.      Okay.  That's the Alabama
3  National Guard?
4       A.      Yes, sir.
5       Q.      Okay.  And I don't know
6  anything about the National Guard.  Where
7  were you --
8       A.      Right up here -- What you
9  mean?
10      Q.      Well, did you have a place
11 that you reported to, a unit that you
12 reported to?
13      A.      Yeah.  The National Guard
14 Armory.
15      Q.      Okay.
16      A.      That was right across from the
17 Grill, it used to be there.
18      Q.      Okay.
19      A.      They got the YMCA now.
20      Q.      Okay.  Did you have a unit
21 that you reported to?  What was your unit?
22      A.      I can't hardly even remember
23 that stuff.  That's so long ago.  I was in

**367 VALLEY AVENUE**
**(205) 397-2397 BIRMINGHAM, ALABAMA 1-877-373-3660**

**FREEDOM COURT REPORTING**

Page 53

1  high school then.  I can't remember that.
2          Q.     Did you leave voluntarily or
3  were you --
4          A.     AWOL.
5          Q.     You were AWOL?
6          A.     Yeah.
7          Q.     And AWOL means what?
8          A.     I left, unadvised.
9          Q.     Absent without leave?
10         A.     Right.
11         Q.     And so, were you terminated,
12 your relationship with the National Guard
13 terminated?
14         A.     Well, I got a honorable
15 discharge with general conditions.
16         Q.     Okay.  What does that mean?
17         A.     So that means if I wanted to,
18 I could have got back in.
19         Q.     Okay.  You identify your
20 conviction as possession of marijuana.  How
21 much marijuana did you have when you were
22 arrested?
23         A.     You probably couldn't even

# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

JEFFREY HARRIS, et al.

v.

MID STATE LAND & TIMBER COMPANY, INC.
D/B/A SEDGEFIELDS PLANTATION

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 2:06-CV-00875-ID

TO:  AL-ARNG-JFHQ
     Attn: Master Sgt. Patsy Dodson
     1720 William Dickerson Dr.
     Montgomery, Alabama 36109

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):  See Exhibit "A"

| PLACE: Offices of Huckaby Scott & Dukes, P.C.<br>2100 Third Avenue North, Suite 700<br>Birmingham, Alabama 35203 | DATE AND TIME<br>March 23, 2007<br>12:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officer, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE)IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendant Mid State Land & Timber Company, Inc. d/b/a Sedgefields Plantation | March 16, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Kimberly W. Geisler, Attorney for Defendant Mid State Land & Timber Company, Inc. d/b/a Sedgefields Plantation
HUCKABY SCOTT & DUKES, P.C., 2100 Third Avenue North, Suite 700, Birmingham, Alabama 35203
Telephone (205) 251-2300  Fax (205) 251-6773

(See Rule 45, Federal Rules of Civil Procedure, Part C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | |
|---|---|---|
| National Personnel Records Center, attn.: Military Personnel Records | | Certified Mail No.: 7003 2260 000C 910C 2457 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

| | |
|---|---|
| Dawn K. McDowell | Legal Assistant |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on March 16, 2006

*Dawn K. McDowell*
SIGNATURE OF SERVER

2100 Third Avenue North, Suite 700
ADDRESS OF SERVER

Birmingham, Alabama 35203

---

Rule 45, Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and coy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY HARRIS, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO: |
| v. ) | 2:06-CV-00875-ID |
| ) | |
| MID STATE LAND & TIMBER ) | |
| COMPANY, INC., D/B/A ) | |
| SEDGEFIELDS PLANTATION, ) | |
| ) | |
| Defendant. | |

## EXHIBIT A

Any and all records or other documents of any nature prepared at any time that concern or relate to Jeffrey Harris, Date of Birth: 12/4/67, Social Security No.: XXX-XX-9666, member of theAlabama National Guard, including but not limited to records concerning his service and discharge.

If no such records are found, please provide a written certification that Jeffrey Harris has no record of service with the United States National Guard.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY HARRIS, WILLIE BERNARD MACK, DEMETRIUS PARHAM, and HENRY TARVER, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:06-CV-00875-ID-CSC |
| MID STATE LAND & TIMBER COMPANY, INC. D/B/A SEDGEFIELDS PLANTATION, | ) ) ) ) ) | |
| Defendant. | ) | |

NOTICE OF SERVICE OF NON-PARTY SUBPOENAS

Take notice that Defendant Mid State Land & Timber Company, Inc. d/b/a Sedgefields Plantation on March 16, 2007, properly served the following non-party subpoenas:

> Union State Police Department
> 305 Prairie Street North
> Union Springs, Alabama 36089

> Bullock County Sheriff Department
> 217 Prairie Street North, Room 112
> Union Springs, Alabama 36089

> AL-ARNG-JFHQ
> Attn: Master Sgt. Patsy Dodson
> 1720 William Dickerson Drive
> Montgomery, Alabama 36109

Respectfully submitted,

/s/ Kimberly W. Geisler

Carter H. Dukes
Kimberly W. Geisler
Attorneys for Defendant
Mid State Land & Timber Company, Inc.
Sedgefields Plantation

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of same in the United States mail, first class postage prepaid and addressed as follows:

> Jerry D. Roberson, Esq.
> Roberson & Roberson
> 8 Office Park Circle
> Suite 150
> Birmingham, Alabama 35223
>
> Albert H. Adams, Jr., Esq.
> Irby Law Firm, LLC
> Post Office Box 910
> Eufaula, Alabama 36072

DONE this the 20th day of March, 2007.

/s/ Kimberly W. Geisler
Of Counsel

40465.1

2