IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JEFFREY HARRIS, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. 2:06cv875-ID |
| v. | ) |
| | ) |
| **MID STATE LAND & TIMBER CO.,** | ) |
| **INC., d/b/a SEDGEFIELDS** | ) |
| **PLANTATION,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the court is Defendant Mid State Land & Timber Company's ("Mid State") motion for summary judgment as to Plaintiff Roy Lee's ("Lee") claims. (Doc. No. 29.) The motion is accompanied by evidence and a memorandum of law. (Doc. No. 30.) Lee filed evidence and a memorandum of law in opposition to Mid State's motion to which Mid State replied. (Doc. Nos. 44-45, 48.)

Lee, an African-American, formerly worked for Mid State. Alleging racial discrimination in violation of 42 U.S.C. § 1981, Lee contends that Mid State paid him less than Joel Norman ("Norman"), whose employment overlapped with Lee's, and that Norman is a similarly-situated Caucasian comparator.

Construing the evidence in the light most favorable to Lee, see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), and applying the circumstantial burden-shifting analysis applicable to Lee's disparate pay claim, see Cooper v. Southern Co., 390 F.3d 695, 734-36 (11th Cir. 2004), the court finds "that there is no genuine issue as to any

material fact and that [Mid State] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323. Based upon the arguments presented and the authorities cited in Mid State's well-reasoned memorandum of law and reply, see Gamble v. Aramark Uniform Services, No. 04-11404, 132 Fed. Appx. 263, 265 n.3 (11th Cir. 2005), the court finds that Lee is not "similarly situated in all relevant respects" to Norman (or to any other Mid State employee), Knight v. Baptist Hospital, Inc., 330 F.3d 1313, 1316 (11th Cir. 2003) (internal citations omitted), and that Mid State's stated reasons for the pay disparity are not pretextual.

Accordingly, it is CONSIDERED and ORDERED that Mid State's motion for summary judgment (Doc. No. 29) be and the same is hereby GRANTED.

It is further CONSIDERED and ORDERED that Mid State's request, made pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (see Doc. No. 29 at 1), be and the same is hereby DENIED.[1]

Done this 20th day of August, 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Rule 54(b) judgments are the exception, not the rule and, thus, are not granted as a matter of course. See Ebrahimi v. City of Huntsville Board of Educ., 114 F.3d 162, 165-66 (11th Cir. 1997) ("Rule 54(b) certifications 'must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'") (citation omitted). Mid State has not demonstrated that this is an unusual case for which "there is no just reason for delay," as required by Rule 54(b).

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).