IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY LEE, | ) |
|     **Plaintiff** | ) ) ) |
| v. | ) ) ) |
| MID-STATE LAND & TIMBER COMPANY, INC., d/b/a SEDGEFIELDS PLANTATION, | ) ) ) ) ) |
|     **Defendant.** | |

Civil Action No.:

2:06-cv-875-ID-CSC

## PLAINTIFF ROY LEE'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS

COMES NOW counsel for Roy Lee, and files this his response to this Court's order to show cause why he and his client should not be sanctioned.

42 U.S.C. §1981, like Title VII of the Civil Rights Act of 1964, has an attorney's fees provision. 42 U.S.C. §2000e-5(k) authorizes attorney's fees only against litigants, not against counsel. *Amlong and Amlong P.A. v. Denny's Inc.* 457 F 3d 1180 (11th Cir. 2006). Defendant's suggestion that the attorney for Roy Lee should be responsible for Defendant's attorney's fees, in some unspecified amount, as a sanction for bringing a frivolous claim, is itself a claim that has no basis in law or fact. Attorney's fees may be awarded in cases against unsuccessful Plaintiffs only if their case was "frivolous, unreasonable, or without foundation. *Christianburg Garment Company v. EEOC*, 434 U.S. 412 (1978).

Although prevailing Plaintiffs under 42 U.S.C. §1981 proceedings are ordinarily

awarded attorneys's fees by the district court, a prevailing defendant is to be awarded such fees only when the court in the exercise of its discretion has found that the plaintiff's action was frivolous, unreasonable, or without foundation. The policy considerations that favor a 42 U.S.C. §1981 plaintiff are absent with respect to defendants. The plaintiff is Congress's instrument to "vindicate a policy that Congress considered of the highest priority. *Newman v. Piggie Park Enterprises*, 390 U.S. 400 (1968). Additionally, when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law. A successful defendant seeking counsel fees must rely on quite different equitable considerations.

> It is important that the district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been a victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or facts appear questionable or unfavorable out the outset, a party may have an entirely reasonable ground for bringing suit. *Christianburg Garment Company v. EEOC*, 434 U.S. 412 at 421-422 (1978).

The U.S. Supreme Court has held that this is a "stringent standard". Hughes v. Roe, 449 U.S. 5 (1980). District Courts should be loathe to award the sanction of attorney's fees on unsuccessful civil litigants.

In this case, Roy Lee is the only black management employee of a hunting camp in Union springs, Alabama. As a management employee, he was the only person paid an hourly wage rate, $10.00 per hour. At the time, he was over the entire hunting camp and

all hunting operations. If he had been paid a salary, he would have made $400.00 per week or roughly $20,000.00 per year. This the lowest salary, by over 50%, of any manager who ever worked in the area of hunting operations.

When Joel Norman was hired, Norman's salary was $70,000.00 per year. In addition, Norman was provided lodging on the property and health insurance. Neither lodging nor health insurance has ever been provided to Lee. Obviously, those are important items of compensation to the average employee.

Lee gave up supervising the quail operations when Norman was hired. Lee kept a crew and also authority over the deer hunting operations. Lee and Norman's supervisory responsibilities were similar. In spite of this, Norman was paid $30,000.00 more than Lee and was also provided lodging and health insurance, all because he has a junior college degree. A reasonable jury certainly could have found this pay disparity to be discriminatory.

As stated in Plaintiff's brief, the Supreme Court has emphasized that a plaintiff's burden in establishing a prima facie case "is not onerous;" it serves only to "eliminate] the most common nondiscriminatory reasons" for the challenged action. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981); *see also Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir 1997) ("demonstrating a prima facie case requires only that the plaintiff establish facts adequate to permit an inference of discrimination"). The Eleventh Circuit has "generally eschew[ed] an overly strict formulation of the elements of a prima facie case." *Maddow v. Proctor & Gamble Co.*, 107 F.3d 846, 851 (11th Cir. 1997); *see also Isenbergh v. Knight-Ridder Newspaper Sales, Inc.*, 97 F.3d 436, 440 (11th Cir. 1996) (emphasizing that "any prima facie case test must be flexible").

The Eleventh Circuit stated:

> We have repeatedly emphasized that the requisite showings that make up a prima facie case are not meant to be rigid or inflexible. In cases where the evidence does not fit neatly into the classic prima facie case formula, for example, we have stated that "[a] prima facie case of disparate treatment can be established by any 'proof of actions taken by the employer from which we infer discriminatory animus because experience has proved that in the absence of any other explanation it is more likely than not that those actions were bottomed on impermissible considerations.''

*Schoenfield v. Babbitt*, 168 F.3d 1257, 1268 (11th Cir. 1999).

This Court, in its Order dismissing Lee's claim, only ruled that Lee is not "similarly situated in all relevant aspects to Norman and that Mid-State's stated reason for the pay disparity are not pretextual".  This Court has fallen for the Defendant's assertion that in order to demonstrate discrimination, the comparators must be "nearly identical".  The Supreme Court has never used such language in any discrimination case, and the Eleventh Circuit has erected an impenetrable barrier to discrimination plaintiffs.

Furthermore, this Court does not address many of the issues raised by the Plaintiff in his brief.  The Order fails to address the fact that Lee was paid an hourly wage as the only black employee in management.  This is discriminatory.  The Order also fails to address that fact that Lee was never offered lodging and insurance. This is discriminatory.  Norman is white and Lee is black.  The Order fails to address the fact that when Lee was put on a salary, his salary was less than what he had earned (through overtime) the previous year.  This is discriminatory.  The Order also fails to address the fact that all blacks were paid less than all whites.  Certainly a jury can infer discrimination from this. Lee's claims are not frivolous, unreasonable or without a foundation.

      Plaintiff's counsel would join the Defendant's motion to have this issue certified under Rule 54(b) to allow him to proceed the appeal on behalf of Lee.  Counsel believes that this Court is in error in its ruling which does not address any of these issues.  Counsel would also ask this Court to defer any sanctions until the Eleventh Circuit has ruled on the merits of Lee's claims.

      Respectfully submitted,

s/Jerry Roberson
Jerry Roberson (ROB010)
Roberson & Roberson
P.O. Box 380487
Birmingham, Alabama 35238-0487
Phone Number:    205.981.3906
Fax Number:       205.981.3908
E-mail: jdratty@charter.net
       tlbaker@charter.net

**OF COUNSEL*:*

Albert H. Adams, Jr. (ADA-058)
Law Office of Albert H. Adams, Jr., P.C.
520 South Eufaula Avenue, Suite E
Post Office Box 670
Eufaula, AL  36072-0670
Telephone: (334) 687-1326
Facsimile: (866) 910-9989
E-mail: albertadamslaw@aol.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of September 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carter H. Dukes, Esq.
Kimberly W. Geisler, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203

                                                s/Jerry Roberson
                                                Jerry Roberson (ROB010)