## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| JEFFREY HARRIS, WILLIE BERNARD MACK, DEMETRIUS PARHAM, HENRY TARVER, and ROY LEE )<br><br>Plaintiffs, )<br><br>vs. )<br><br>MID STATE LAND & TIMBER COMPANY, INC., D/B/A SEDGEFIELDS PLANTATION, )<br><br>Defendant. ) | **CIVIL ACTION NO.:**<br>**2:06-CV-00875-ID-CSC** |

## DEFENDANT'S MEMORANDUM IN
## SUPPORT OF BILL OF COSTS

COMES NOW Defendant Mid State Land & Timber Company, Inc., formerly d/b/a Sedgefields Plantation (hereafter referred to as "Mid State" or "Defendant"), pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and M.D. Ala. L.R. 54.1(a), and submits this Memorandum of law in support of the Bill of Costs filed herewith.

### I. LAW GOVERNING THE AWARD OF COSTS

Rule 54(d)(1) creates a presumption that the prevailing party is entitled to recover its full costs. *Chapman v. AI Transport*, 229 F.3d 1012, 1038-39 (11th Cir. 2000) (en banc). "To defeat the presumption and deny full costs, a district court must

have and state a sound basis for doing so." *Chapman*, 229 F.3d at 1039 (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)).  The Eleventh Circuit has cautioned that, in assessing costs, the district court may not consider the relative wealth of the parties as that would "unduly prejudice parties with assets and undermine 'the presumption that Rule 54(d)(1) creates in prevailing parties' favor, and ... the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.'"  *Id.* (citations omitted).  The financial status of the non-prevailing party may only be considered if there is "clear proof" of "dire financial circumstances."  *Id.*  Moreover, "even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all."  *Id.*

## II.  ARGUMENT

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, an award to the prevailing party of costs incurred in the preparation and presentation of a case is authorized "as of course."  *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568 (N.D. Ga. 1992).  Further, the granting of summary judgment is not an impediment to an award of costs to the moving party.  *Blevins v. Heilig-Meyers Corp.*, 184 F.R.D. 663 (M.D. Ala. 1999); *Jeffries v. Georgia Residential Finance Authority*, 90 F.R.D. 62 (N.D. Ga. 1981).

2

For claimed expenses to be recoverable, they must fall within a category of taxable costs enumerated in 28 U.S.C. § 1920 or another specific statute. *Eagle Insurance Co. v. Johnson*, 982 F. Supp. 1456, 1458 (M.D. Ala. 1997); *Corsair Asset Management, Inc. v. Moskovitz*, 142 F.R.D. 345, 351 (N.D. Ga. 1992). Taxable expenses pursuant to 28 U.S.C. § 1920 include:

(1)    Fees of the clerk and marshal;

(2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)    Docket fees under § 1923 of this title; [and]

(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Defendant is entitled to recover the expenses set forth below.

## A.    Court Reporter Fees and Costs Incident to Taking Depositions

Fees of a court reporter and costs incident to the taking of depositions "necessarily obtained for use in the case," including costs incident to videotaped depositions, are recoverable by the prevailing party under 28 U.S.C. § 1920. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) ("a

3

videotaped deposition is more appropriately taxed as is any other deposition expense"); *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992). A deposition must appear to be reasonably necessary at the time the deposition is taken for costs to be recoverable. Costs that are incurred only for the convenience of counsel are not recoverable. *DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 241 (N.D. Ga. 1993).

All of the depositions taken in this case were necessary for both the preparation and presentation of Defendant's Motion for Summary Judgment and Reply brief. Defendant seeks the following deposition expenses as taxable costs:

1.    Deposition of David Carroll
Original and exhibits
**Invoice No.**: 33731CJB  **Dated**: April 4, 2007
**Amount:** $318.70

Videotaped Deposition of David Carroll
**Invoice No.**: 07-2032      **Dated**: April 4, 2007
**Amount**: $50.00

2.    Depositions of Jeffrey Harris, Henry Tarver, Demetrius Parham, Willie Mack, Roy Lee, and Norris Foster
Original and exhibits
**Invoice No.**: 00022101    **Dated**: January 30, 2007
**Amount**: $2,717.85

**Total Deposition Costs:  $3,086.55**

4

## B.    Photocopying Costs

Pursuant to 28 U.S.C. § 1920(4), Defendant is entitled to its photocopying expenses for "copies of papers necessarily obtained for use in the case." *See Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 n.2 (11th Cir. 1985). Accordingly, Defendant seeks recovery of costs for documents necessarily photocopied for discovery purposes and for opposing counsel. *See Desisto College v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (finding "copies attributable to discovery, copies of pleadings, copies of correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration are recoverable").

Defendant incurred a total cost of **$66.40** in copying costs based on:

1.    Copies of subpoenaed documents provided to Plaintiff's counsel at Plaintiff's counsel's request:

271 copies @ $0.10[1] per page =    $27.10

2.    Copies of Initial Disclosures and documents provided in response to Plaintiffs' Requests for Production:

393 copies @ $0.10 per page =    $39.30

---

[1] Copy rates of between $0.10 and $0.25 per page have been found reasonable. *Grayson v. City of Chicago*, 2003 WL 22071479, *2 (N.D. Ill. 2003) (noting rates between $0.10 and $0.20 per page have been found reasonable); *Jones v. Siegelman*, No. 00-CV-1703, 2002 WL 1162406 at *2 (finding $0.25 a reasonable rate for a state agency).

**Total Copying Costs:    $66.40**

The total cost of $66.40 was necessarily incurred for use in this case and was not for

counsel's convenience.  Accordingly, Defendant respectfully requests that the Court

tax as costs $66.40 as necessary photocopying expenses pursuant to 28 U.S.C. §

1920(4).

**C.    Docket Fees Pursuant to 28 U.S.C. § 1923**

Pursuant to 28 U.S.C. § 1923, Defendant seeks $17.50 in docket costs for the

seven depositions admitted into evidence (7 depositions at $2.50 each) and $20.00 in

docket costs for a "final hearing" based on the granting of Defendant's Motion for

Summary Judgment and entry of judgment therewith.  Thus, Defendant requests that

**$37.50** be taxed as costs pursuant to 28 U.S.C. § 1920(4). *See Jones*, 2002 WL

1162406, *3 (M.D. Ala. May 24, 2002) (awarding docket costs based on the entry of

summary judgment constituting a "final hearing").

### III.  CONCLUSION

For the foregoing reasons, Defendant Mid State Land & Timber Company, Inc.

respectfully requests that the Court tax costs against Plaintiffs Jeffrey Harris, Willie

Mack, Demetrius Parham, Henry Tarver, and Roy Lee in the amount of **$3,190.45**

Respectfully submitted,


/s/Kimberly W. Geisler
Carter H. Dukes
Kimberly W. Geisler
Attorneys for Defendant
Mid State Land & Timber Co., Inc.

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North
Suite 700
Birmingham, Alabama  35203
(205) 251-2300

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing upon counsel of record either through the CM/ECF system or by placing a copy of same in the United States Mail, first class postage prepaid and addressed as follows:

Jerry D. Roberson, Esq.
Roberson & Roberson
Roberson & Roberson
3765 Kinross Drive
Birmingham, Alabama 35238-0487

Albert H. Adams, Jr., Esq.
Law Office of Albert H. Adams, Jr., P.C.
520 South Eufaula Avenue, Suite E
Post Office Box 910
Eufaula, Alabama 36072

DONE this the 22ND Day of October, 2007.

/s/ Kimberly W. Geisler
Of Counsel

41980

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **JEFFREY HARRIS, WILLIE** ) <br> **BERNARD MACK, DEMETRIUS** ) <br> **PARHAM, HENRY TARVER,** ) <br> **and ROY LEE** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **vs.** ) <br> ) <br> **MID STATE LAND & TIMBER** ) <br> **COMPANY, INC., D/B/A** ) <br> **SEDGEFIELDS PLANTATION,** ) <br> ) <br> **Defendant.** ) | **CIVIL ACTION NO.:** <br> **2:06-CV-00875-ID-CSC** |

## AFFIDAVIT OF KIMBERLY GEISLER

STATE OF ALABAMA     )
COUNTY OF JEFFERSON    )

Before me, the undersigned notary public in and for said county and state,

personally appeared KIMBERLY GEISLER who being known to me and who being

first duly sworn, deposes on oath and states as follows:

1.    My name is Kimberly Geisler.  I am over the age of nineteen years and

am suffering from no legal disability.

2.    I am the duly authorized attorney for Defendant and I have knowledge

of the facts of the matter referenced herein.

3.    The Bill of Costs attached hereto is true and correct and represents fees

and costs which have necessarily been incurred in this case and the services for which

fees have been charged were actually and necessarily performed.

FURTHER AFFIANT SAITH NOT.

Executed this 22nd day of October, 2007.

_____
Kimberly W. Geisler

STATE OF ALABAMA          )
                          :
COUNTY OF JEFFERSON       )

I, the undersigned authority, a Notary Public in and for said County in said
State, hereby certify that KIMBERLY GEISLER whose name is signed to the
foregoing instrument and who is known to me, acknowledged before me on this day
that being informed of the contents of the said instrument, she executed the same
voluntarily on the day the same bears date.

GIVEN under my hand and seal this 22th of October, 2007.

[NOTARIAL SEAL]

_____
Notary Public

Print Name Shanna D. Quigley

My Commission Expires:_____

MY COMMISSION EXPIRES NOVEMBER 2, 2010

41994